UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60146 CIV-COHN/SNOW

CHRISTOPHER JAMES PEER,

    Plaintiff,

v.

DANIEL WARFIELD LEWIS

    Defendant.

_____/

## DEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFF'S COUNSEL PURSUANT TO FED. R. CIV. P. 11 WITH MEMORANDUM OF LAW

    The Defendant, DANIEL WARFIELD LEWIS (hereinafter "LEWIS"), by and through his undersigned counsel files this, his Motion for Sanctions Against the Plaintiff's Counsel, Pursuant to Fed. R. Civ. P. 11, with Memorandum of Law[1], and in support states:

### GENERALLY: RELIEF REQUESTED

    The Defendant requests that this Honorable Court award sanctions against the Plaintiff's Counsel, the Law Offices of Scott Greenbaum, P.A and Barry Roderman & Associates, P.A., (hereinafter collectively "Peer's Counsel") for their conduct in noticing their appearances; insisting on the Plaintiff, CHRISTOPHER JAMES PEER's (hereinafter "Peer") frivolous and factually baseless claims with full knowledge that Peer's claim are not tenable; and/or for maintaining this lawsuit for the improper purposes of harassment, unnecessary delay and/or needless increase in the cost of litigation

### PEER'S COUNSEL HAVE NO CASE; NOT EVEN A COLD CASE

    Borrowing from Kant, Peer's Counsel have yet to establish a posteriori that information from Peer's TransUnion credit report was published by Lewis, and alternatively that Lewis obtained Peer's TransUnion credit report. First, Peer's Counsel have failed to provide any

---

[1] This motion has been modified to reflect factual developments and/or revelations since this motion was served.

Page 1 of 18

SCANNED

Case 0:06-cv-60146-EGT   Document 118   Entered on FLSD Docket 11/02/2006   Page 2 of 18

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law

evidence that Peer's N.C. address as stated in Lewis' Emergency Complaint was confidential and/or that it was contained in his TransUnion credit report. Second, Peer's Counsel have failed to provide any evidence that Lewis obtained Peer's TransUnion credit report <u>either directly or indirectly</u>. Third, Peer's Counsel have failed to provide any evidence that his credit report had been pulled in October 2005. Fourth Peer's Counsel have failed to provide any evidence that Westlaw, and/or Robert Malove, Esq., obtained and/or inquired about Peer's credit report. Fifth, Peer's Counsel have failed to provide any evidence or authority for the proposition that that any part of Peer's TransUnion credit report was impermissibly published. Without these elements, there does not exist a good faith basis for even a hypothetical FCRA action, much less the fanciful one Peer's Counsel have maintained. Peer's Counsel have maintained and insisted upon Peer's claims knowing full well that Peer's allegations did not comport with the facts. Peer's Counsel have neither alleged nor produced any evidence as to the essential elements of Peer's claim in his Complaint. Peer's Counsel have no case, not even a cold case and never did. Peer's Counsel should be sanctioned for using the Federal Courts to continue to litigate Peer's case, which is clearly not tenable and never was, and for the improper purposes of harassment, unnecessary delay and/or needless increase in the cost of litigation.

## NO FACTUAL BASIS FOR PEER'S LAWSUIT WHEN FILED OR EVEN NOW

1. On January 17, 2006, Lewis' former counsel, Robert Malove, Esq. (hereinafter "Malove") filed in the matter of <u>Dan Lewis v. Christopher James Peer</u>, Broward County Circuit Case No. 06-000599 CACE (21), (hereinafter "State Action"), an **unverified** Emergency Complaint for Declaratory Judgment Concerning Candidate Ineligibility (hereinafter "Emergency Complaint"). See Plaintiff, Christopher James Peer's Response in Opposition to Defendant, Daniel Warfield Lewis' Motion for Sanctions Against Plaintiff Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law (hereinafter "R11P Response"): Paragraph 6.

2. The Emergency Complaint was not drafted or signed by Lewis.

3. The Emergency Complaint sought entry of an:

> Order declaring the Defendant's, CHRISTOPHER JAMES PEER'S candidacy, for the post of Mayor-Commissioner of the City of Fort Lauderdale, unlawful, pursuant to the City Charter's qualification criteria for establishing residency, as prescribed in Article III, Section 3.03 of said City Charter, and for such other relief deemed just and proper.

Case 0:06-cv-60146-EGT   DOCUMENT 118   Entered on FLSD Docket 11/02/2006   Page 3 of 18

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with
Memorandum of Law

See Exhibit "4" to Defendant's Notice of Filing Exhibits in Support of Defendant's Motion for Sanctions Against the Plaintiff, Christopher James Peer, Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law (hereinafter "Exhibit Notice."): Emergency Complaint. (R11P Response: Paragraph 7)

4. Paragraph 19, of the Emergency Complaint (hereinafter "Paragraph 19"), states in part: "Defendant's current address is '18 Charter Drive, Wilmington, North Carolina 28403.'" (Exhibit "4" to Exhibit Notice and R11P Response: Paragraph 8)

5. Malove obtained the information contained in Paragraph 19 regarding Peer's address from a Westlaw People Finder Historic Tracker Record which cited TransUnion as its source. *See* Composite Exhibit "5" to the Exhibit Notice: Affidavit of Robert David Malove, Esq., and Exhibit "B" to such Affidavit.

6. Lewis never obtained a copy of Peer's credit report.[2] (Composite Exhibit "1" to Exhibit Notice)

7. Lewis never saw a copy of Peer's credit report.[3] (Composite Exhibit "1" to Exhibit Notice)

8. Malove never obtained a copy of Peer's credit report. (Composite Exhibit "5" to Exhibit Notice)

9. Malove never saw a copy of Peer's credit report. (Composite Exhibit "5" to Exhibit Notice)

10. On February 1, 2006, at 10:00 am, in the State Action, there was a hearing. (Composite Exhibits "1" and "5 to Exhibit Notice and R11P Response: Paragraph 9)

11. At the February 1, 2006 hearing, Lewis, Malove, Peer, Richard L. Rosenbaum, Esq. (hereinafter "Rosenbaum"), and Charles Malkus were present (Composite Exhibits "1" and "5 to Exhibit Notice).

12. After the February 1, 2006 hearing, before leaving the courthouse, Malove had a

---

[2] Lewis never saw a copy of Peer's credit report until Peer's Counsel provided a copy of Peer's February 2, 2006 credit report to Lewis' Counsel at Peer's deposition on July 25, 2006, and to date, Lewis, himself, has not obtained a copy of Peer's credit report since Lewis' Counsel has not provided Lewis with a copy of Peer's credit report.

Case 0:06-cv-60146-EGT   Document 118   Entered on FLSD Docket 11/02/2006   Page 4 of 18

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law

conversation with Rosenbaum in the presence of both Peer and Lewis. (Composite Exhibits "1" and "5" to Exhibit Notice and R11P Response: Paragraph 10)

13. In the conversation, detailed in twelve (12) above, and in Composite Exhibits "1" and "5" to Exhibit Notice) Malove informed Rosenbaum and Peer that:

    a. neither Lewis nor Malove ever obtained a copy of Peer's credit report;

    b. neither Lewis nor Malove ever saw a copy of Peer's credit report; and

    c. the information contained in Paragraph 19 regarding Peer's address was obtained from a Westlaw People Finder Historic Tracker Record which cited TransUnion as its source.

14. Peer's admissions in his deposition, and in his September 10, 2006, Affidavit (hereinafter "Peer's Affidavit") that he did not recall the February 1, 2006 conversation of Rosenbaum, Peer, Malove, and Lewis, wherein Malove acknowledges that the source of Peer's North Carolina address was Westlaw's Historic People Tracker Finder Record (hereinafter "Westlaw's Record") do not dispute the fact that such conversation occurred.

15. Contrary to the last paragraph on page 10 of Plaintiff, Christopher James Peer's Response in Opposition to Defendant, Daniel Warfield Lewis' Motion for Summary Judgment as to the Plaintiff's Claims Against the Defendant, and Defendant's Motion for Partial Summary Judgment as to the Plaintiff's Liability with Respect to the Defendant's Counterclaims Against the Plaintiff with Memorandum of Law (hereinafter "SJ Response"), Malove' and Lewis' Affidavits do not state that either of them obtained information from TransUnion from Westlaw's Record. Rather, paragraph 5 of Malove's Affidavit states that he obtained the "information contained in Paragraph 19 of the Emergency Complaint regarding Christopher James Peer's address from a Westlaw People Tracker Finder Record which cited TransUnion as its source." Furthermore, paragraph 14 of Lewis' Affidavit, confirms the conversation wherein Malove told Richard Rosenbaum, Esq. and Peer on February 1, 2006 that the information contained in Paragraph 19 was obtained from Westlaw's Record which cited TransUnion as its source. Neither Malove nor Lewis have stated that Westlaw, in fact, obtained the information in Westlaw's Record from TransUnion, but rather that Westlaw's Record cites to TransUnion as its source. Peer has failed to prove that the information contained in Westlaw's Record, in fact, was

---

[3] *Id.*

Case 0:06-cv-60146-EGT   Document 118   Entered on FLSD Docket 11/02/2006   Page 5 of 18

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with
Memorandum of Law

obtained from TransUnion, or is contained in his TransUnion credit report.

16. On February 1, 2006, after the hearing, Malove drafted and filed an *Amended Emergency Complaint for Declaratory Judgment Concerning Candidate Ineligibility* (hereinafter "Amended Complaint") in the State Action eliminating any information regarding Peer's North Carolina address. See Exhibit "6" to the Exhibit Notice: Amended Complaint. (R11P Response: Paragraph 13)

17. Peer reviewed the Amended Complaint prior to filing this lawsuit, and decided to file this lawsuit even though the language regarding Peer's North Carolina address had been removed from the Amended Complaint prior to filing this lawsuit. (Peer's Depo. p. 35, 38)

18. On February 1, 2006, in response to questions from reporters from both the Sun-Sentinel and Miami Herald, Lewis denied ever having obtained or seen a copy of Peer's credit report. (Composite Exhibit "1" to Exhibit Notice)

19. On February 2, 2006, Peer obtained his credit report, and Peer admitted that such report does not reflect that Lewis obtained his credit report. (Peer's Depo. p. 25-26, 30-32, 96-97, 111)[4]

20. At the Plaintiff's July 25, 2006 deposition, Peer produced, for the first time, his 2/2/06 credit report in response to Lewis' Request for Production.

21. As of Peer's July 25, 2006 deposition, Peer still had no idea how Lewis could have allegedly and possibly obtained his credit report if, as Peer admitted, his 2/206 credit report did not reflect that Lewis obtained Peer's credit report. (Peer's Depo. at 32)

22. An individual's credit report through Equifax, Experian, and/or TransUnion lists those who have requested, inquired and/or received an individual's credit report.

23. Peer admitted that he has no knowledge of any credit report pertaining to him that reflects that Lewis obtained or accessed his credit report. (Peer's Depo. p. 61)

24. On or about February 2, 2006, Peer admitted that he provided Rosenbaum with a copy of his February 2, 2006 credit report. (Peer's Depo. p. 96-97, 111).

25. On February 3, 2006, at 2:56 p.m., eleven days before the primary election, Peer filed his

---

[4] The original transcript of the videotaped deposition of Christopher James Peer (hereinafter "Peer's Depo.") was filed with the Court in its entirety on August 2, 2006.

Case 0:06-cv-60146-EGT   Document 118   Entered on FLSD Docket 11/02/2006   Page 6 of 18

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law

Complaint in this matter alleging that Lewis violated the FCRA by obtaining and publishing Peer's credit report, but such Complaint fails to state how Lewis allegedly obtained his credit report or even cites to a specific section or requirement of the FCRA that Lewis allegedly violated.

26. The only sections of the FCRA cited to by Peer in his Complaint are the following:

   a. In Paragraph 2, Peer cites §1681a(c)[5] for the proposition that Peer is a consumer;

   b. In Paragraph 17, Peer cites §1681(n)(a)(2)[6] for the proposition that Lewis' alleged "obtaining and publishing of Peer's credit report was intentional and not the result of a *bona fide* error, thus entitling PEER to punitive damages..";

   c. In Paragraph 18, Peer cites §1681(b)[7] for the proposition that "a credit report may only be obtained for the enumerated permissible purposes under" that section;

   d. In Paragraph 19, Peer cites §1681n[8] and q[9] for the proposition that Lewis' allegedly obtained Peer's credit report for an impermissible purpose which "constitutes obtaining consumer information under false pretenses;" and

   e. In Paragraph 24, Peer cites §1681n(a)(3)[10] for the proposition that Lewis is liable for Peer's attorneys' fees.

27. To date, neither in his Complaint, Initial Disclosures, discovery responses, deposition,

---

[5] The FCRA defines §1681a(c) as "[t]he term 'consumer' means an individual."
[6] The FCRA defines §1681(n)(a) as "[a]ny person who willfully fails to comply with any requirement imposed under this subsection with respect to any consumer is liable to that consumer in amount equal to the sum of -- " and §1681(n)(a)(2) as "such amount of punitive damages as the court may allow; and."
[7] Although Peer did not cite to any specific subsection of §1681(b), such section is titled "Permissible purposes of consumer reports."
[8] Although Peer did not cite to any specific subsection of either §1681n, such section is titled "Civil Liability for willful noncompliance".
[9] The FCRA defines §1681q as "[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both."
[10] The FCRA defines §1681(n)(a) as "[a]ny person who willfully fails to comply with any requirement imposed under this subsection with respect to any consumer is liable to that consumer in amount equal to the sum of -- " and §1681(n)(a)(3) as "in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys' fees as determined by the court."

Case 0:06-cv-60146-EGT   DOCUMENT 118   Entered on FLSD Docket 11/02/2006   Page 7 of 18

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with
Memorandum of Law

and Peer's Affidavit, has Peer cited to any requirement imposed under the FCRA that Lewis has violated.

28. On September 11, 2006, Peer filed his September 10, 2006 Affidavit which contains information pertaining to Peer's 2/2/06 credit report which Peer failed to disclose during the course of discovery, in Peer's discovery responses, and/or in his Initial Disclosures:

> In Paragraph 9. of Peer's Affidavit, he states:
>
> On or about February 2, 2006, I pulled my credit report from the three (3) reporting credit agencies. Although it id not indicate Mr. Lewis' name as personal recipient of a credit report, it did indicate that my credit report had been pulled in approximately October 2005.

However, Peer does not say who pulled his credit report in October 2005, and/or proffer his credit report as evidence of his September 10, 2006 allegation that his credit report was pulled in October 2005.

29. To date, Peer's Counsel have cited only two bases of Peer's lawsuit; first, Paragraph 19., and second, and for the first time in Peer's R11P Response, Peer's Counsel cites to the February 2, 2006 Sun-Sentinel article, titled <u>Hearing Delayed on Suit Challenging Mayoral Run Primary Election in Fort Lauderdale Campaign Hangs in the Balance</u>. *See* Paragraph 14 -17 of R11P Response, Composite Exhibit "19" to the Exhibit Notice: Plaintiff's Initial Disclosures Pursuant to Rule 26(a)(1), F. R. Civ. P. and Peer's Depo. at 34.

30. As to Paragraph 19, allegations contained in a lawsuit cannot be taken as evidence because not only are they not proof of a fact, but they are judicially protected speech under Florida's Litigation Privilege.

31. Peer's Counsel have not proffered his credit report as evidence that Lewis obtained Peer's credit report <u>either directly or indirectly</u>,; that the North Carolina address contained in Paragraph 19 was, in fact, contained in Peer's TransUnion credit report; that his credit report had been pulled in October 2005; and/or that Westlaw, Malove, and/or Lewis obtained and/or inquired about Peer's credit report in October 2005

32. In fact, Peer admitted that his own February 2, 2006 credit report does not reflect that Lewis obtained his credit report. (Peer's Depo. p. 25-26, 30-32, 96-97, 111)

33. Peer's Counsel offer no proof, evidence, or a good faith basis that the allegations in

Case 0:06-cv-60146-EGT   Document 118   Entered on FLSD Docket 11/02/2006   Page 8 of 18

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law

Paragraph 19 are, in fact, true and/or contained in Peer's credit report. Without this proof, evidence or good faith basis there is no proper FCRA action.

34. Assuming arguendo, that the allegations in Paragraph 19 are, in fact, true and are, in fact, contained in Peer's credit report, Peer's Counsel offer no evidence and no authority for the proposition that such information is confidential, not in the public records, and/or was improperly disclosed. Without this proof, evidence, or a good faith basis, there is no proper FCRA action.

35. Peer's Counsel offer no evidence that Lewis obtained his credit report <u>either directly or indirectly</u>, and have no evidence or a good faith basis to support Peer's lawsuit in the face of Lewis's denials and Malove's disclosures contained in their respective affidavits which Peer's Counsel clearly posses. (R11P Response: Paragraph 1 and 14 and Exhibits "A" and "E") Without this proof, evidence, or a good faith basis, there is no proper FCRA action.

36. As to the aforementioned February 2, 2006 Sun-Sentinel article, Lewis admits the statement that he had never seen Peer's credit report, but does not admit that the statement --"was only told about it by someone he refused to identify" -- reflects a correct quotation of Lewis and/or accurately reflects Lewis' intent and/or meaning. *See* Exhibit "1" to Defendant's *Third* Notice of Filing Exhibit in Support of Defendant's Motion for Sanctions Against the Plaintiff, Christopher James Peer, Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law (hereinafter "*3rd* Exhibit Notice."): Supplemental Affidavit of Daniel Warfield Lewis.

37. Peer's Counsel failed to make a reasonable inquiry into the facts and/or ignored the facts.

38. Peer's Counsel entered their appearance and have continued to litigate this case without having a factual basis and for an improper purpose; with full knowledge that Peer's action was not tenable in the face of their lack of evidence; and with possession of Peer's 2/2/06 credit report and Lewis' and Malove's Affidavits which showed Peer's Counsel have no case.

39. Peer's Counsel have consistently sought delays and/or obstructed Lewis' quest to seek the truth through the discovery process in a blatant attempt to harass Lewis, cause unnecessary delay, and/or needlessly increase the cost of litigation and impose upon Lewis the cost of continuing to defend an action not grounded in fact

40. Peer's Counsel should be sanctioned for their conduct in noticing their appearances;

Case 0:06-cv-60146-EGT   Document 118   Entered on FLSD Docket 11/02/2006   Page 9 of 18

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with
Memorandum of Law

insisting on Peer's frivolous and factually baseless claims clearly knowing that they are not tenable; and/or for maintaining this lawsuit for the improper purposes of harassment, unnecessary delay, and/or needless increase in the cost of litigation, as detailed above and below in the Memorandum of Law.

## MEMORANDUM OF LAW

Lewis brings this Motion for Sanctions against Peer's Counsel for violations of Fed. R. Civ. P. 11(b)(1) and(3) which sections state as follows:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry under the circumstances, --
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless cost in the cost of litigation;...
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;

### Peer's Lawsuit Lacks Evidentiary Support

Pursuant to Fed. R Civ. P. 11(b)(1) and (3), Peer's Counsel should be sanctioned for noticing their appearances and maintaining this action which was brought for an improper purpose, not for reparation of an actual wrong, and without any factual basis.

Peer's Counsel cannot prove Peer's case. Peer has no case. Peer's Counsel have not proffered Peer's TransUnion credit report as evidence that Lewis inquired about, reviewed, and/or obtained Peer's credit report <u>either directly or indirectly</u>; that the N.C. address as stated in Paragraph 19 is, in fact, in Peer's TransUnion credit report; that his credit report had been pulled in October 2005; and/or that Westlaw, and/or Malove obtained, reviewed, and/or inquired about his credit report.

The notes of the Advisory Committee on the 1993 Amendments to Rule 11 stress the need for attorneys and pro se litigants to make a reasonable inquiry into the law and facts before signing pleadings and mandating sanctions for violations of theses rules. Such notes state that Rule 11 further requires "litigants to 'stop and think' before initially making legal or factual contentions. It also, however emphasizes the duty of candor by subjecting litigants to potential

Case 0:06-cv-60146-EGT   Document 118   Entered on FLSD Docket 11/02/2006   Page 10 of 18

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law

sanctions for insisting upon a position after it is no longer tenable..."

Peer's Counsel did not "stop and think", but rather ignored the facts, and insisted upon Peer's claims after Peer's claims were, without a doubt, no longer tenable.

On February 1, 2006, Malove informed Peer and Rosenbaum that neither Lewis nor he had obtained nor seen a copy of Peer's credit report and that the information contained in the Emergency Complaint in the State Action regarding Peer's North Carolina address was obtained from a Westlaw People Finder Historic Tracker Record which cited TransUnion as its source. That same day, Malove filed an Amended Complaint eliminating any information regarding Peer's North Carolina address.

On February 2, 2006, Peer obtained his credit report, and/or provided such report to his former attorney, and subsequently to Peer's Counsel. Peer admitted that his February 2, 2006 credit report does not reflect that Lewis obtained his credit report. Peer admitted that he has no knowledge of any credit report pertaining to him that reflects that Lewis obtained or accessed his credit report. Furthermore Peer does not how Lewis could have allegedly and possibly obtained his credit report if, as Peer admitted, his 2/206 credit report did not reflect that Lewis obtained Peer's credit report.

On February 3, 2006, Peer rushed to file a lawsuit whose basis is Paragraph 19. The Emergency Complaint was amended on February 1, 2006, eliminating language upon which he based this lawsuit. Black's Law Dictionary, Sixth Edition, states that "Amend" is defined as "To improve. To change for the better by removing defects or faults. To change, correct, revise."

Furthermore, the Emergency Complaint is not evidence; is unverified; and contains pure allegations. Malove drafted, and signed the Emergency Complaint. Prior to Peer filing this lawsuit, as mentioned above, Malove amended the Emergency Complaint eliminating any information as to Peer's North Carolina address. In fact, Lewis neither drafted, signed, nor amended the Emergency Complaint.

Even if the Emergency Complaint had not been amended and was, in fact, evidence, Lewis was afforded absolute immunity from Peer's prosecution and/or persecution of Lewis with respect to Paragraph 19 pursuant to Florida's Litigation Privilege. As explained by the Florida Supreme Court, the absolute immunity afforded by Florida's Litigation Privilege originally only

Case 0:06-cv-60146-EGT  Document 118  Entered on FLSD Docket 11/02/2006  Page 11 of 18

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law

covered defamatory statements made by parties, judges, witnesses and counsel in the course of the judicial proceedings:

> This absolute immunity resulted from the balancing of two competing interests: the right of the individual to enjoy a reputation unimpaired by defamatory attacks versus the right of the public interest to a free and full disclosure of facts in the conduct of judicial proceedings. Fridovich [v. Fridovich, 598 So.2d 65 (1965)] In determining that the public interest of disclosure outweighs an individual's right to an unimpaired reputation, courts have noted that participants in judicial proceedings must be free from the fear of later civil liability as to anything said or written during litigation so as not to chill the actions of the participants in the immediate claim. Id. Sussman v. Damian, 355 So. 2d 809 (Fla. 3d DCA 1977). Although the immunity afforded to defamatory statements may indeed bar recovery for bona fide injuries, the chilling effect on free testimony would seriously hamper the adversary system if absolute immunity were not provided. Wright v. Yurko, 446 So. 2d 1161 (Fla. 5th DCA 1984)

Levin, Middlebrooks, Mabie, Thomas & Mitchell, P.A. v. United States Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994) The Florida Supreme Court extended this absolute immunity to "any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior..." Id. Furthermore, "'the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action,' Mitchell v. Forsyth, 472 U.S. 511, 525, 86 L.Ed. 2d 411, 105 S. Ct. 2806 (1985), and is thus 'an *immunity from suit* rather than a mere defense to liability'." Jackson v. Bellsouth Telecommunications, Inc., 181 F. Supp. 2d 1345, 1363 (S.D. Fla. 2001).

Simply put: the Emergency Complaint is not evidence, and thus Peer' lawsuit has no basis in fact.

Peer's Counsel have maintained Peer's lawsuit which has no basis in fact. In the Eleventh Circuit:

> a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous--in view of the facts or law--and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry. Id. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorneys' good faith belief that the claims were sound. Id. The reasonableness of the inquiry 'may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the [violative

Case 0:06-cv-60146-EGT   Document 118   Entered on FLSD Docket 11/02/2006   Page 12 of 18

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law

document];…or whether he depended on forwarding counsel or another member of the bar.

Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996), citing Mike Ousley Productions, Inc. v. WJBF-TV, 952 F.2d 380, 382 (11th Cir. 1992).

Peer's Counsel knew or should have known when they entered their appearances that their claims were frivolous in view of the facts and law by conducting a reasonable investigation. Peer's Counsel knew or should have known when they entered their appearances that Peer's own 2/2/06 credit report does not support his claims; the Westlaw Record was the source of Peer's North Carolina address in Paragraph 19; Malove informed Peer and Rosenbaum that neither Lewis nor he had obtained or seen Peer's credit report; and Paragraph 19 is not evidence, but rather judicially protected speech. Yet, they entered their appearances anyway.

Failure to conduct a reasonable investigation into the facts justifies imposition of Rule 11 sanctions. See Schaeffer v. Chicago Police Officers, 120 F.R.D. 514 (N.D. Ill. 1985) Schaeffer further notes that "litigation must be grounded in objectively reasonable view of the facts and laws, and if not, the lawyer or party proceeding recklessly must foot the bill." Id. at 515.

Peer's Counsel should be sanctioned for "insisting upon a position after it is no longer tenable". Reuter v. Merrill Lynch, 2006 U.S. Dist. LEXIS 53982 (N.D. Ala. 2006), citing Ruzala v. Walt Disney World Co., 132 F. Supp. 2d 1347, 1352 (M.D. Fla. 2000) Even if Peer's Counsel failed to conduct a pre-filing investigation, they are clearly cognizant now that Peer's claims are frivolous in light of the facts and law. Peer's Counsel are aware that Malove informed Peer and Rosenbaum that neither Lewis nor Malove had obtained or seen Peer's credit report and that Westlaw's Record was the source of Peer's North Carolina Address. Peer's Counsel are aware that Peer's own February 2, 2006 credit report does not support his claims. Peer's Counsel have been expressly been put on notice that the Emergency Complaint is not evidence, but rather is judicially protected speech. Yet, Peer's Counsel have insisted on Peer's frivolous and factually baseless claims clearly knowing that they are not tenable. To date, Peer's Counsel's only two bases for Peer's lawsuit are the Emergency Complaint which was amended prior to the filing of this lawsuit, is judicially protected speech and not evidence, and a news article that has been contradicted by Lewis.

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law

Peer's Counsel are subject to Rule 11 Sanctions for entering their appearances on behalf of Peer and advocating Peer's positions after having actual knowledge that Peer's claims lack any merit. The Eleventh Circuit in Turner v. Sungard, 91 F.3d 1418, 1421,1422 (11th Cir. 1996) explained that Rule 11 applies to all papers filed in a suit, and affirmed Rule 11 sanctions against Plaintiff's new counsel where:

> [t]he district court found that 'from the moment he appeared on the plaintiff's behalf, he [Penick] had actual knowledge that there was no merit to the plaintiff's assertions, or, at the very least, he consciously decided not to inquire of the merits.' That the only 'paper' Penick signed and submitted to the court in prosecuting Plaintiff's claim was the notice of appearance is unimportant. By appearing in this case, Penick affirmed to the court that the case had arguable merit. In this sense, it was as if Penick had refiled the complaint. To uses Rule 11's words, he was 'later advocating' that the 'factual contentions [in the complaint] have evidentiary support.'

Not only did Peer's Counsel notice their appearances, they have actual knowledge that there are no merits to Peer's claims, and yet have "later advocated" that Peer's factual contentions actually have merit as recent as Peer's SJ Response. Furthermore, the Court in Reuter explains:

> 'A litigant's obligations with respect to the content of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.

Reuter citing Ruzala at 1352 (quoting Fed. R. Civ. P. 11, advisory committee's notes)(internal marks omitted.)

In a similar case to the instant case, Jones v. International Riding Helmets, Ltd., 49 F.3d 692 (11th Cir. 1995), the Eleventh Circuit affirmed Rule 11 Sanctions against the Plaintiff's counsel where Plantiff's counsel knew that the Defendant "could not have made the defective product, but nonetheless filed a vague complaint and then pursued discovery that clearly revealed his belief that [the Defendant] was not responsible for the injury." In the instant case, Peer's Counsel know that Peer's own 2/2/06 credit report completely guts Peer's FCRA fantasy. Furthermore, Peer's Counsel have additional evidence to the contrary: Lewis' and Malove's affidavits.

Case 0:06-cv-60146-EGT   DOCUMENT 118   Entered on FLSD Docket 11/02/2006   Page 14 of 18

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law

Finally, Peer has proffered no "evidence" to support his claims nor conducted any significant discovery to support his claims apart from a mere 9 requests for admissions, to which Lewis' responses reveal that Peer's Ghost Ship Litigation has major holes and is swiftly sinking.

Peer's Counsel have taken the helm of Peer's Ghost Ship with no more wind than Peer had when Peer filed this ill-fated and ill-motivated litigation. Yet, they have decided to proceed to trial without a shred of evidence. The Eleventh Circuit in Battles v. City of Fort Myers, 127 F.3d 1298, 1300 (11th Cir. 1997) affirmed Rule 11 sanctions where the Plaintiff's counsel "did not make a reasonable inquiry prior to trial to ensure that he could procure evidence to support his client's positions." Here, Peer had 112 days to conduct discovery, and an additional 24 days to conduct Lewis' deposition, and with the exception of Peer's mere 9 request for admissions, Peer and/or Peer's Counsel squandered all such opportunities. Rather, than abort the Ghost Ship before it sinks, Peer's Counsel are continuing to press forward towards trial without any evidence or ability to obtain evidence to support Peer's claims, and should be sanctioned for such abuse of the judicial process.

As noted by the Court in Schaeffer, "there is no due process right to proceed with litigation which violates Rule 11". Schaeffer at 516. Not only did Peer initiate this lawsuit without any factual basis, Peer's Counsel continue to litigate this matter without presenting any evidentiary support for Peer's claims.

Peer's Counsel should be sanctioned pursuant to Rule 11 for continuing to litigate a case with no factual basis.

### Peer's Counsel have Maintained this Action for Improper Purposes

As the Eleventh Circuit noted in Byrne v. Nezhat, 261 F.3d. 1075, 1132 (11th Cir. 2001):

> The importance of using the Rules to uncover bogus claims and defenses, thereby reducing the parties' dispute to its bare essentials, cannot be overemphasized.

Peer's Counsel have consistently sought delays, obstructed Lewis' quest to seek the truth through the discovery process; and/or violated the discovery rules for the improper purposes of harassing Lewis, causing unnecessary delays and/or needlessly increasing the cost of litigation and imposing upon Lewis the cost of continuing to defend an action not grounded in fact.

Peer's Counsel have obstructed Lewis' discovery efforts and violated the discovery rules

Case 0:06-cv-60146-EGT  DOCUMENT 118  Entered on FLSD Docket 11/02/2006  Page 15 of 18

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law

in ways which include the following:

- Peer's responses to Lewis' Interrogatories and Request for Production were untimely provided to Lewis' in violation of the Court's June 21, 2006 Order. Peer's Counsel first produced Peer's responses to Lewis' Interrogatories and Request for Production on July 25, 2006 at Peer's Deposition. And such responses are incomplete and/or insufficient.
- Peer's Counsel engaged in abusive deposition conduct during Peer's July 25, 2006 Deposition, which conduct is the subject of a pending appeal.
- Peer's Counsel, Scott Greenbaum, Esq., (hereinafter "Greenbaum") unilaterally terminated Charles Malkus' July 26, 2006 Deposition, and the Court has granted Defendant's Motion for Sanctions Against "Mr. Greenbaum for improperly terminating the deposition."
- Peer's Counsel provided Lewis with a mere four (4) working days notice of his deposition and a laundry list of requested production in violation of Local Rule 26.1.J., Fed. R. Civ. P. 30, 32, and/or 34 and which notice necessitated Lewis' filing of a motion for a protective order. The Court denied Plaintiff's Motion for an Extension of Time to Depose the Defendant since the "Plaintiff failed to provide the requisite notice in contravention of the July 26, 2006 Order and Local Rule 26.1.J. of the Local Rules of the United States District Court for the Southern District of Florida;" thereby rendering Defendant's Motion for a Protective Order moot.

Not to mention Peer's Counsel's bad faith conduct, in seeking one delay after another, which delays include the following:

- On July 20, 2006, Peer's Counsel moved to extend discovery cut-off date.
- July 26, 2006, Peer's Counsel moved to extend the time to file response in opposition to Defendant's Motion for Sanctions Pursuant to Federal Rules of Civil Procedure (b)(2) and (c) with Memorandum of Law Against Plaintiff.
- On August 16, 2006, Peer's Counsel moved to extend the time to file any and all dispositive pretrial motions.
- On August 16, 2006, Peer's Counsel moved to extend the time to depose the

Case 0:06-cv-60146-EGT   Document 118   Entered on FLSD Docket 11/02/2006   Page 16 of 18

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law

Defendant.

- On August 21, 2006, Peer's Counsel moved to extend the time to file response in opposition to Defendant's Motion for Summary Judgment as to the Plaintiff's Claims Against the Defendant, and Defendant's Motion for Partial Summary Judgement as to the Plaintiff's Liability with Respect to the Defendant's Counterclaims Against the Plaintiff and With Memorandum of Law Against Plaintiff.

Certainly, Peer's and/or Peer's Counsel have consistently delayed, and disrupted the very case Peer brought, and violated the Court's Orders and/or the Discovery Rules. Lewis has complied with all of the rules and timely filed every pleading in this matter despite the fact that Greenbaum failed to serve Lewis with the following pleadings:

- Plaintiff's Response in Opposition to Defendant's Motion for Sanctions[11];
- Plaintiff's Response to Defendant's Motion for Sanctions, To Compel, and/or Re-Depose Charles Malkus;
- Plaintiff's Response to Defendant's Motion To Compel and for Sanctions for Plaintiff's Counsel's Abusive Deposition Conduct;
- Plaintiff's Response to Defendant's Motion To Compel Better Responses to the Defendant's Discovery; and
- Deponent Charles Malkus' Motion for Protective Order.

Peer's Counsel should be sanctioned pursuant to Rule 11 for their misconduct and pattern and practice of delays, obstruction, and/or discovery violations.

## Conclusion

Peer's Counsel violated Rule 11 by abusing the judicial process, maintaining this lawsuit which is devoid of evidentiary support for the improper purposes of harassment, unnecessary delay, and/or needlessly increasing the cost of litigation and imposing upon Lewis the cost of defending an action not grounded in fact. Peer's Counsel should be sanctioned pursuant to Rule 11 for such violations.

---

[11] The Motion for Sanctions to which Plaintiff's Counsel responded was titled Defendant, Daniel Warfield Lewis' Reply to Plaintiff's Response in Opposition to Defendant's Motion for Sanctions Pursuant to Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2) and (c) with Memorandum of Law Against the Plaintiff, Christopher James Peer.

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law

WHEREFORE, the Defendant, DANIEL WARFIELD LEWIS, respectfully requests that this Honorable Court enter an Order providing for the following relief:

a. Imposing sanctions against Peer's Counsel, the Law Offices of Scott Greenbaum, P.A and Barry Roderman & Associates, P.A., as expressly provided by Fed. R. Civ. P. 11, including but not limited to, an award of attorneys' fees, costs, and other expenses, incurred as a result of the Peer's Counsel's violations of Fed. R. Civ. P. 11, and in the presentation of the instant motion; and/or

b. Directing Peer's Counsel to show cause why they have violated Fed. R. Civ. P. 11(b)(1) and (3) for maintaining this lawsuit without having evidentiary support for Peer's claims, and/or for the improper purposes of harassment, unnecessary delay and/or needless increase in the cost of litigation; and/or

c. Awarding such further relief as the Court deems equitable and just.

**Certificate of Compliance with Local Rule 7.1.A.3. & Fed. R. Civ. P. 11**

In compliance with Local Rule 7.1.A.3, the undersigned certifies that, prior to serving the instant Motion, she has made reasonable efforts to confer with Peer's Counsel. On July 19, 2006, the undersigned had a telephone conference with Heather Zardus, Esq. wherein the undersigned attempted to resolve the issues in the instant Motion, but was unable to do so. To date, the undersigned has not been able to resolve this matter with Peer's Counsel prior to serving and filing the instant Motion.

In compliance with Fed. R. Civ. P. 11, the undersigned certifies that she has not filed with the Court this Motion for Sanctions before the expiration of twenty-one (21) days from the date of September 12, 2006, and on September 12, 2006, a proposed copy of the instant Motion was served via hand-delivery to Peer's Counsel.

Respectfully Submitted,

By: _____
COLLEEN KATHRYN O'LOUGHLIN
FBN: 0042528
Colleen Kathryn O'Loughlin, P.A.
Attorney for the Defendant
Post Office Box 4493
Fort Lauderdale, Florida 33338-4493
(954) 467-5505

Peer v. Lewis, Case No. 06-60146 CIV-COHN/SNOW
Lewis' Motion For Sanctions Against Plaintiff's Counsel Pursuant to Fed. R. Civ. P. 11 with Memorandum of Law

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served via U.S. Mail on this 10th day of October 2006 to: Heather Zardus, Esq., Plaintiff's counsel, Barry G. Roderman & Associates, P.A., 500 W. Cypress Creek Rd, Suite 370, Fort Lauderdale, Florida 33309-6141, and Scott Greenbaum, Esq., Plaintiff's counsel, Law Office of Scott Greenbaum, 9 Southwest 13th Street, Second Floor, Fort Lauderdale, Florida 33315.

COLLEEN KATHRYN O'LOUGHLIN