UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60146-CIV-TORRES
Consent Case

CHRISTOPHER JAMES PEER,

    Plaintiff,

v.

DANIEL WARFIELD LEWIS,

    Defendant.
_____/

**ORDER GRANTING MOTION FOR SANCTIONS;
ORDER TO SHOW CAUSE WHY COUNSEL SHOULD NOT BE DISQUALIFIED**

This matter is before the Court pursuant to various pending matters, including Defendant's motion for sanctions under Fed. R. Civ. P. 37 [D.E. 122]. The Court set a status conference on all pending motions for May 30, 2007, at which time counsel for Plaintiff did not appear. The matter is ripe for appropriate sanctions.

## I.  FINDINGS

1.  Daniel Warfield Lewis ("Defendant") previously filed a Motion for Sanctions, to Compel, and/or Re-Depose Charles Malkus Pursuant to Fed. R. Civ. P. 37(a)(2) and (4), 28 U.S.C. § 1927, Local Rule 30.1.D, and the Court's Inherent Power. [D.E. 43]. That Motion asserted that Plaintiff's counsel, Scott Greenbaum ("Greenbaum") disrupted the deposition of Charles Malkus by making improper objections, making non-verbal communications, and improperly terminating the deposition. After reviewing the deposition transcript, the Motion for Sanctions, Plaintiff's Response [D.E. 62], and Defendant's Reply [D.E. 73], Magistrate Judge Snow found that Greenbaum improperly terminated the deposition. Magistrate Judge Snow further found that Greenbaum should

be sanctioned and required to reimburse the Defendant for the cost of briefing the Motion for Sanctions.

2. After Defendant submitted supporting affidavits to establish the amount of costs and fees that should be assessed pursuant to Judge Snow's Order, this Court entered Judgment against counsel Greenbaum for $4,923.25. That Judgment, to date, has not been satisfied.

3. Additionally, the Court's Order of October 17, 2006, Ordered that Charles Malkus's deposition be retaken based upon the earlier Order [D.E. 86] granting the motion to continue the deposition. Following that Order, Plaintiff failed to comply with his obligations to coordinate new deposition dates with Defendant's counsel despite repeated requests.

4. The Court's October 17th Order also Ordered Plaintiff to:

> supplement his discovery responses so that they are fully responsive to the discovery requests (i.e., including all documents not previously produced and all information contained in Plaintiff's affidavit filed in response to Defendant's Motion for Summary Judgment). Supplementation shall be completed by Plaintiff by no later than October 30, 2006. Defendant shall be entitled to utilize the supplemental discovery responses as deemed necessary in the litigation of this matter. However, Plaintiff will not be permitted to use the previously undisclosed witness or information as evidence at trial, at a hearing, or on a motion. See Fed. R. Civ. P. 37(c).

See [D.E. 114].

5. Plaintiff totally failed to abide by the requirements set forth in the Omnibus Order. Defendant has also filed with the Court the "updated" responses to Defendant's First Request for Production which supported granting the Motion for Sanctions. Plaintiff's counsel failed to file a response in opposition to the motion for sanctions and all of the supporting materials filed by Defendant in support of that motion. As a result,

on February 22, 2007, the Court expressly found that there was no good cause that justified Plaintiff's violation of the Omnibus Order. [D.E. 134].

6. The Court did not enter any sanctions at that time, however. The Court provided Plaintiff and his counsel one last opportunity to show good cause why the sanctions should not be granted. [D.E. 134]. In response to that Order, and following the entry of Judgment, counsel filed a response on March 2, 2007 [D.E. 138] that claimed that he had recently moved and had not been receiving all his mail, that sanctions had already been entered against him, and that he simply needed more time to comply with the Court's Order in lieu of striking Plaintiff's pleadings.

7. Since that date, however, no further discovery has been provided to Defendant notwithstanding counsel's representation that such discovery was forthcoming and in direct violation of the Court's Omnibus Order. Following that noncompliance, Defendant's counsel requested another status conference in the matter, which was granted on May 24, 2007. The status conference was then held on May 30, 2007. Plaintiff's counsel, however, was not present.

8. As a result, the Court indicated that it intended to disqualify counsel and set another status conference to grant Plaintiff an opportunity to obtain new counsel. Upon review of the docket, however, it appears that Defendant did not properly serve his motion for status conference at Plaintiff's counsel new address. That address was included in Plaintiff's response to the Order to Show Cause, but counsel failed to properly file a revised notice of appearance in this case, thus preventing the Clerk of the Court from revising the record and to guarantee that counsel was receiving all pleadings and Orders entered in the case at his new address. Plaintiff's counsel is the one who must be responsible at making sure his appearance is properly recorded and his address properly updated. Counsel failed to do that here. But, because the record does not fully reflect

that Plaintiff's counsel had actual knowledge and still failed to appear at the status conference, the Court's initial inclination to disqualify him from the case *based merely upon counsel's absence at the hearing* appears to be premature.

9. What is not premature, on the other hand, is the determination that Plaintiff, either because of his non-interested counsel or himself, has still to this date failed to comply with several orders in the case. The Court's Omnibus Order directed him to comply with outstanding discovery or face severe sanctions. That Order was violated and to date Plaintiff has still not complied. The Court's Order to Show Cause expressly provided Plaintiff with one last chance to comply in lieu of an Order striking his pleadings. In response to that Order, counsel clearly was on notice of the Order and the outstanding obligations still owed to the Court and Defendant. Plaintiff's counsel represented that he would comply, yet to date no compliance has been forthcoming. And there is no question that Plaintiff, through his counsel, has been on notice of these outstanding violations for some time.

10. Accordingly, Defendant's motion for sanctions is now ripe and should be granted.

## II.  ANALYSIS

Fed. R. Civ. P. 37(b) provides for the imposition of sanctions against a party who fails to obey an order to provide or permit discovery. As the Eleventh Circuit hsa warned, "there is no requirement that the opposing party moves for this order - only that it be issued and disobeyed." *Properties Int'l, Ltd. v. Turner,* 706 F. 2d 308, 310 (11th Cir. 1983). While dismissal is a severe sanction, the "imposition of sanctions for failure to provide discovery rests with the sound discretion of the district court, and will not be overturned absent abuse of the discretion." *Id.* (affirming district court's dismissal with prejudice of foreclosure suit, and striking of answer).

A default judgment or dismissal sanction "requires a willful or bad faith failure to obey a discovery order." *Malatutea v. Suzuki Motor Co.,* 987 F.2d 1536, 1543 (11th Cir. 1993). In *Malatutea,* the Eleventh Circuit affirmed a court's sanctions of striking the defendant's answers, entering default judgment on the issue of liability, and awarding fees and costs, where the Defendant answered and objected to interrogatories "for the improper purpose of 'causing unnecessary delay, increasing the costs of litigation for the Plaintiff, and causing time for discovery to end before the Plaintiff had obtained the discovery materials she needed to litigate this case." *Id.* at 1544. As the Court explained further, a "court may appropriately sanction a party or attorney who 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" *Id.* at 1545-46 (citing *Hutto v. Finney,* 437 U.S. 678, 689 (1978).

In other words, violation of a discovery order by simple negligence, misunderstanding, or inability to comply will not justify the sanction of default. *See Malautea,* 987 F.2d at 1542. Here, we find that there is abundant evidence on the record to show that Plaintiff's failure to comply was willful. The outstanding discovery here was expressly compelled through various court orders, and Plaintiff has not provided any credible explanation of why those orders have not been complied with even at this late date, over nine months after the trial date set in this case.

In *Malautea,* the Eleventh Circuit determined that similar behavior by the sanctioned party was sufficient to support a finding of willfulness. *Id.* at 1543 ("Neither defendant has provided a credible explanation of how it interpreted the discovery orders not to encompass the General Motors information. Neither defendant asked Judge Edenfield to clarify the orders, as a genuinely confused litigant, twice-threatened with the sanction of a default judgment, would have done. In particular, the defendants never

asked Judge Edenfield to explain whether the orders covered the plaintiff's interrogatory that requested the General Motions information.").

This case falls in line with those where a party's "violation of a discovery order is deemed willful if it is demonstrated that the party consciously or intentionally fails to comply with the terms of the order." *Arbo International Foods, LLC. v. Reco Sales Corp.,* 2006 U.S. Dist. LEXIS 4004 (N.D. Ga. 2006). In *Arbor*, for instance, the plaintiff did not contest the production nor provide evidence excusing its failure to abide by the court's discovery order, and the court found the plaintiff's actions to be willful. The court further found that the plaintiff's failure to produce the documents, before the close of discovery, hindered defendant's ability to depose the plaintiff and others, and that the defendant's ability to prepare its defenses was severely prejudiced by the plaintiff's failure to comply with discovery. Accordingly, the court, concluding that no lesser sanctions would maintain the judicial process and a monetary sanction alone would not correct the prejudice created by the plaintiff's misconduct, dismissed plaintiff's complaint with prejudice. *Id.* That analysis applied here compels the same result.

Indeed, to oppose a motion for sanctions, pursuant to Rule 37(c), the non-producing party must show that its actions were substantially justified or harmless. *See, e.g., Stallworth v . E-Z Serve Convenience Stores,* 199 F.R.D. 366, 368 (M.D . Ala. 2001). In determining whether a party has substantial justifications for its actions, "the court should ask whether reasonable people: 'could differ as to whether the party was required to comply with the disclosure request.' The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance ." *Id.* (quoting *Burney v. Rheem Mfg Co.,* 196 F.R.D. 659, 691 (M.D . Ala. 2000)). Here, Plaintiff has in effect offered no substantial justification for its actions. The most it offered in response to the Order to Show Cause was the need for

more time. That time was granted, yet no discovery was forthcoming. Plaintiff cannot, therefore, show that reasonable people could differ as to its discovery obligations. There is no genuine dispute here that Plaintiff has for months failed to comply with several discovery orders and discovery rules in this case.

Under these circumstances, Plaintiff is clearly willfully, knowledgeably, and intentionally failing to comply with those orders and the Courts' discovery rules. That is plainly evident from the fact that Plaintiff has for some time been on notice of the possibility of a severe sanction as a result of Defendant's multiple motions to compel, motions for sanctions, and the Court's Orders entered in response thereto. For instance, in *R.M. Phillips v. Insurance Co. of North America,* 633 F.2d 1165 (5th Cir.1981), where a party was seriously and repeatedly warned by the opposing party of their intention to seek sanctions, as occurred here, the court found that this warning put the party on notice, and that the party could not later plead ignorance. *Id.* The Fifth Circuit aptly noted:

> Appellant twice rejected attempts by appellee's counsel to resolve the discovery problem informally. Any belief held by appellant that he had completely discharged his obligation under the order compelling discovery would have dissipated upon receipt of defense counsel's letter of November 8, 1979. If not, then defense counsel's letter of December 5, which threatened Rule 37 action in unequivocal language, should have inspired an appellant so imbued with good faith as this one claims to have been to consult the district court for direction or respond to opposing counsel for negotiation.

*Id.*

Here too Plaintiff was on repeated and express notice of the possibility of severe sanctions if the Court's orders were not fully complied with and the rules followed. Plaintiff's very response to the Order to Show Cause acknowledges this fact and promises that more time would allow Plaintiff to achieve compliance. That has not happened, and no civil remedy that this Court can now envision would achieve compliance at this late date.

Furthermore, it appears that Defendant has been seriously and materially prejudiced by Plaintiff's failure to produce the disputed documents. Notably, it is impossible to know how helpful the documents would have been to Defendant because Plaintiff has not permitted Defendant to inspect the responsive documents. Defendant has not been able to review those documents or use them in depositions that were or could have been taken in the case. Defendant could also not have examined them with an expert who could be retained to support Defendant's theory of the case through those documents, and are not available to Defendant to support their pending motion for summary judgment. These facts all show that there is more than enough evidence of prejudice in the case to justify a severe sanction.

A finding of prejudice is, of course, an important component of a decision to sanction a party with dismissal or default. For example, in *Snow v. Bellamy Mfg. & Repair,* 1995 WL 902210 (N.D. Ga. 1995), a district court found that the sanction of default was not appropriate, even though the violation was willful, because the plaintiff had not shown that it was prejudiced. *Id.* at *2. Having found here, however, that Defendant in this case was prejudiced, as discussed above, the Court turns next to the issue of whether a lesser sanction would adequately cure that prejudice and ensure future compliance with Court orders.

The sanction of striking the pleadings and granting default judgment is a sanction of "last resort" and is appropriate only where lesser sanctions are not adequate. *E.g., Malautea,* 987 F.2d at 1542. However, it is also true that "overleniency is to be avoided where it results in inadequate protection of discovery." *In re Liquid Carbonic Truck Drivers Chemical Poisoning Litig.,* 580 F.2d 819, 823 (5th Cir. 1978). In this case, Plaintiff's repeated violations has seriously impacted Defendant's ability to prepare effectively for trial in defense of Plaintiff's original claims. A lesser sanction that would cure this

prejudice is not readily apparent. While yet another continuance of this action might allow the parties to exchange the previously withheld discovery and conduct depositions on that discovery, a continuance is simply not a viable option. This case is already stale as it is, and trial dates have already come and gone. Another extended continuance for Plaintiff to cure its discovery deficiencies would inappropriately reward him and/or his counsel for the dilatory tactics that have permeated this case. *See Goforth v. Owens, M.D.,* 766 F.2d 1533, 1535 (11th Cir. 1985) (finding continuance was not appropriate to cure prejudice because it would have punished the non-offending party).

In addition, as Judge King noted, some courts have decided to instruct the jury as to negative inferences that should be drawn from violation of discovery orders, in lieu of striking the infracting party's pleadings. *Inmuno Vital, Inc. v. Telemundo Group, Inc.,* 203 F.R.D. 561, 574 (S.D. Fla. 2001). However, Judge King found that "adverse inference instructions are one of the least severe sanctions which the court can impose and, therefore, often have very little deterrent effect." *Id.* (citing *Mosel Vitelic Corp. v. Micron Technology, Inc.,* 2001 WL 520829, at *7 (D. Del. 2001)). As Judge King also found in *Immuno Vital,* it is not entirely clear from the pleadings what the jury would have to infer in order to cure the prejudice suffered by Defendant, as Plaintiff's repeated delays and noncompliance appears to have permeated so many areas of trial preparation.

Finally, on this last issue it is vitally important to remember that the Court has already attempted through various means to enforce the Court's discovery rules in this case. Several orders to compel and several sanctions orders have already been entered, to no avail as evidenced by where we are now. Indeed, the Court entered a substantial sanction against Plaintiff's counsel personally for conduct occurring in depositions in this case, which resulted in entry of judgment against him. But, as with all other orders that have been entered in the case, Plaintiff's counsel has apparently ignored that judgment

as well and has, to date, not satisfied the judgment nor shown why he does not have the ability to pay. Thus, the record is abundant with evidence that the Court has attempted to enforce its rules in every way possible, short of dismissal or striking of pleadings. Those efforts have, unfortunately, proved unsuccessful.

Therefore, the Court is now left with no alternative but to strike Plaintiff's pleadings in this case as a sanction for Plaintiff's willful, repeated, and un-ending violations of this Court's discovery orders and discovery rules. This sanction includes the complaint in its entirety, as well as the Plaintiff/Counter-defendant's Answer to the counterclaim. The Court's Order striking the answer, however, applies only to the liability portion of the Counter-claimant's claims. The Court must still follow the general rule that, even when a party is defaulted, the moving party must nonetheless prove the existence of damages in the case. Unliquidated damages may only be awarded without a hearing "if the record accurately reflects the basis for award . . . 'by detailed affidavits establishing the necessary facts.'" *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1544 (11th Cir.1985) (quoted citation omitted), *quoted in Adorn, LLC v. Lakeside Park Homes, Inc.,* 2007 WL 640290, *1 (M.D. Ga. 2007).

With respect to the status of Plaintiff's counsel, as stated before a disqualification order will not be immediately entered. Based upon counsel's repeated failures to comply with the Court's orders, however, and especially counsel's failure to comply with the Court's judgment in this case, the Court is concerned that counsel is not living up to his obligations to the Court in this case as an Officer of the Court. Therefore, the Court will re-set a status conference in this case to (a) determine a trial date on damages for Defendant's counterclaim, (b) determine whether counsel should be disqualified from any further role in this case and Plaintiff should be afforded an opportunity to retain new counsel in defense of the remainder of this case, and (c) determine whether Plaintiff's

counsel can show good cause why the Court's sanction Judgment should not be enforced or why counsel cannot satisfy his obligations under that Judgment. Additionally, Plaintiff's counsel shall forward a copy of this Order to his client to ensure that the client is aware of the status of the case.

### III. CONCLUSION

Accordingly, based upon a thorough review of the record, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Compel Better Responses to Discovery or for Sanctions [D.E. 122] is **GRANTED.**

2. Plaintiff's pending complaint [D.E. 1] and pending Answer to the Counterclaim [D.E. 8] are hereby **STRICKEN**, except as to damages arising under the counterclaim. Judgment shall be entered at a later date in Defendant's favor on the complaint. Judgment shall not be entered on the counterclaim until a trial on damages is conducted.

3. A status conference for the purposes set forth in this Order shall be set for 1:00 p.m., July 12, 2007, at the United States Courthouse, 299 East Broward Blvd., Third Flr. Magistrate Courtroom, Fort Lauderdale, Florida 33301.

4. Defendant's counsel is Ordered to immediately serve by U.S. mail a copy of this Order on Plaintiff's counsel, Scott Greenbaum, Esq., at the address set forth in his last filing: 200 Southeast 18th Court, Fort Lauderdale, Florida 33316. Additionally, Defendant's counsel shall file a notice of service in the Court record to document compliance with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 26th day of June, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge