UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60146 CIV-TORRES

Consent Case

CHRISTOPHER JAMES PEER,

    Plaintiff,

v.

DANIEL WARFIELD LEWIS

    Defendant.

_____/

**DEFENDANT, DANIEL WARFIELD LEWIS' MOTION FOR SANCTIONS
AGAINST PLAINTIFF'S FORMER COUNSEL, RICHARD L. ROSENBAUM, ESQ.
AND/OR LAW OFFICES OF RICHARD L. ROSENBAUM, ESQ.
PURSUANT TO 28 U.S.C. §1927, AND THE COURT'S INHERENT POWER**

The Defendant, DANIEL WARFIELD LEWIS (hereinafter "LEWIS"), by and through his undersigned counsel files this, his Motion for Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum, Esq. Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power[1], and in support states:

### GENERALLY: RELIEF REQUESTED

The Defendant requests that this Honorable Court impose sanctions, pursuant to 28 U.S.C. §1927, the Court's Inherent Power, and Fed. R. Civ. P. 11(c)(1)(B) against the Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum, Esq. (collectively hereinafter "Rosenbaum") for multiplying the proceedings in this case unreasonably and vexatiously by knowingly and/or recklessly pursuing the Plaintiff, CHRISTOPHER JAMES PEER's (hereinafter "Peer") frivolous and factually baseless claim with full knowledge that Peer's claim was not tenable; for abusing the judicial system to subvert an election and to coerce

---

[1] Defendant's Memorandum of Law in Support of Defendant, Daniel Warfield Lewis' Motion for Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and/or Law

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

Lewis into dismissing the State Action[2] and dropping out of the electoral race for the Office of Mayor of the City of Fort Lauderdale; for his well orchestrated collateral media play and bad faith extrajudicial comments to the media; for engaging in bad faith bullying tactics when Lewis was acting as a pro se litigant, and/or for engaging in dilatory tactics. Should it appear to this Honorable Court that the Defendant has not presented sufficient evidence to support the instant Motion, or Rosenbaum opposes this Motion by reference to and/or introduction of evidence not previously provided by Peer in this matter, the Defendant requests that he be granted leave to conduct 28 U.S.C. 1927 discovery[3]. *See* Byrne v. Nezhat, 261 F.3d. 1075 (11th Cir. 2001) where the District Court allowed defense counsel to engage in Rule 11 discovery.

### ROSENBAUM KNEW THE EVIDENCE CONTRADICTED PEER'S CLAIM

Rosenbaum alleged in Peer's Complaint that Lewis had impermissibly obtained Peer's credit report under false pretenses and published information from his credit report in Lewis' Emergency Complaint for Declaratory Judgment in the State Action (hereinafter "Emergency Complaint"). The information published in Paragraph 19 of the Emergency Complaint (hereinafter "Paragraph 19") was a North Carolina address which put in doubt that Peer met the residency qualifications to be a legitimate candidate for the Office of Mayor of the City of Fort Lauderdale. Lewis' Former Counsel, Robert David Malove, Esq. (hereinafter "Malove) obtained the North Carolina address contained in Paragraph 19 from a Westlaw People Finder Historic Tracker Record. Malove mistakenly attributed the source of the North Carolina address to a TransUnion credit report because the Westlaw People Finder Historic Tracker Record listed TransUnion as its source. Prior to this lawsuit being filed by Rosenbaum, Malove's error was corrected in Lewis's unverified A*mended* Emergency Complaint for Declaratory Judgment Concerning Candidate Ineligibility (hereinafter "Amended Complaint").

---

Offices of Richard L. Rosenbaum, Esq. Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power is being filed simultaneously immediately after this is filed through CM/ECF.
[2] The term "State Action" is used hereinafter to refer to the matter of Dan Lewis v. Christopher James Peer, Broward County Circuit Court Case No. 06-000599 CACE (21).
[3] The Plaintiff, Plaintiff's Counsel, and Plaintiff's Former Counsel's engaged in dilatory, obstructionist, and bad faith tactics to decapitate Lewis' discovery efforts at every turn which tactics have effectively denied Lewis ample and a fair opportunity for discovery.

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

    Borrowing from Kant, Rosenbaum failed to establish a posteriori that information from Peer's TransUnion credit report was published and/or obtained by Lewis, and that Lewis obtained Peer's TransUnion credit report. Rosenbaum initiated, and insisted upon Peer's claims knowing full well that Peer's allegations did not comport with the facts.

    On February 2, 2007, Peer provided his 2/2/06 TransUnion credit report (hereinafter "2/2/06 credit report") to Rosenbaum. Rosenbaum signed and filed Peer's Complaint despite the fact that Lewis' Complaint had been amended eliminating Westlaw's source of Peer's North Carolina address, and despite his knowledge that the source of the information contained in Paragraph 19 was Westlaw's People Finder Historic Tracker Record service, and that Peer's 2/2/06 credit report contradicts Peer's claim that Lewis directly or indirectly obtained a copy of Peer's credit report.

    Rosenbaum knew that Peer's lawsuit was factually baseless when he filed this action, and yet he continued to insist upon Peer's claim with the Emergency Complaint being his only basis. Rosenbaum did not proffer Peer's 2/2/06 credit report as evidence that Lewis obtained Peer's credit report either directly or indirectly; that the information contained in Paragraph 19 was, in fact, contained in Peer's 2/2/06 credit report; and/or that Westlaw, Malove, and/or Lewis obtained, and/or inquired about Peer's credit report in October 2005, in any manner whatsoever, let alone under false pretenses. The only document cited by Rosenbaum in Peer's April 18, 2006 Initial Disclosures as a document that the Plaintiff intends to use to support his claims was the Emergency Complaint. And, in the five (5) months Rosenbaum represented Peer in this action, Rosenbaum did little to obtain any evidence to support Peer's claims. Rosenbaum's only discovery pursuit was a mere 9 Requests for Admission.

    During his representation of Peer, Rosenbaum did, however condemn Lewis to the media, obstruct Lewis' discovery efforts, and delay the case. On the last day to serve Peer's responses to Lewis' Interrogatories and a week before Peer's responses to Lewis' Request for Production were due, Rosenbaum moved to withdraw from the case and sought a forty-five (45) day continuance of this case.

    After violation of a court order and a motion for sanctions, on July 25, 2006, in his Response to No. 16 of Defendants' First Request for Production, the Plaintiff produced a copy

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

of his credit report that he pulled and provided to Rosenbaum on 2/2/06. Almost a year after the commencement of this action, Peer's 2/2/06 credit report was filed under seal by this Court at the Defendant's request. Peer's 2/2/06 credit report, sitting under seal in the vault in MIA, contradicts Peer's claim, and thus Rosenbaum could not proffer it in support of Peer's claim. It defies logic to bring a Fair Credit Reporting Act (hereinafter "FCRA") violation action and not proffer the Plaintiff's credit report. To prevail on an FCRA action, Rosenbaum would have to show that the information published or obtained came from the Plaintiff's credit report. However, Rosenbaum's only basis for Peer's lawsuit was not Peer's 2/2/06 credit report, but rather the Emergency Complaint which was amended prior to the filing of this lawsuit, and is judicially protected speech and not evidence. Rosenbaum failed to establish a good faith basis for even a hypothetical FCRA action, much less the fanciful one Rosenbaum initiated, publicized, and maintained. Rosenbaum knew he had no case, not even a cold case.

Rosenbaum should be sanctioned for using the Federal Courts to continue to litigate Peer's case; knowing that Peer's case was clearly not tenable and never was; abusing the judicial process for improper political purposes; and engaging in bad faith conduct subsequent to filing this action and throughout his representation of Peer in this matter.

## IMPROPER POLITICAL PURPOSES OF THIS LAWSUIT

1. In or about May 2005, Lewis entered the race for the office of Mayor of the City of Fort Lauderdale. *See* Affidavit of Daniel Warfield Lewis, which was previously filed in this matter as Exhibit "1" to D.E. 65, entered on 8/22/2006 (hereinafter "Lewis' Affidavit").

2. In or before December 2005, Jim Naugle (hereinafter "Naugle") entered the electoral race for the office of Mayor of the City of Fort Lauderdale. *Id.* As the second candidate for Mayor, Naugle's entry into the race for Mayor triggered a March 14, 2006 general election between Lewis and Naugle.

3. On Tuesday, January 10, 2006, the last day of qualifying for the election for the office of Mayor of the City of Fort Lauderdale, Peer entered the electoral race for the office of Mayor of the City of Fort Lauderdale. *See* Peer's Depo. p. 84, which was previously filed in this matter as D.E. 42, entered on 8/03/2006 (hereinafter "Peer's Depo."). As the third candidate for Mayor, Peer's entry into the race triggered a February 14, 2005 Primary election (hereinafter "Primary")

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

between Peer, Lewis and Naugle. *See* Peer's Depo. at 158-159.

4. According to Peer, he decided to run for Mayor of the City of For Lauderdale as follows:

> I was out and out about, you know, even though -- I guess, I don't live here, but I was out in the neighbor of Rio Vista and places like the Quarter Deck Restaurant, South Port -- I don't know if I was at South Port or not, but you know, different restaurants and hearing people talk and discuss and I started getting this idea, you know, that why don't I just go ahead and give this a shot.

*See* Peer's Depo. at 154-155.

5. At Peer's deposition, he was asked who the ten or fifteen people were who talked him into running as reported by the Sun-Sentinel on January 12. 2006, and he responded in part:

> And again, it was not -- again, it didn't sound good for the media to say that I had come up with this idea on my own after talking to people and thinking about it. I mean, if you want to have supporters, you know Chris Rickborn, Brian McNeaher, is a good friend of mine, my friend, Mark, you know, Chuck, I talked to him during this time frame…

*See* Peer's Depo. at 155-156.

6. Chuck Malkus (hereinafter "Malkus") told Peer that "if it was going to be a positive experience and if it was something that he wanted to do, he should go for it." *See* Malkus' Depo. p. 25-26, which was previously filed in this matter as D.E. 41, entered on 8/03/2006 (hereinafter "Malkus' Depo.").

7. At Peer's deposition, he was asked whether he was asked to get into the race by Naugle, and Peer responded "[n]o, I was not, that I know of." At Peer's deposition, he was asked whether he was asked to get into the race by anybody indirectly working with Naugle's campaign, and he responded "[n]o, not that I know of." *See* Peer's Depo. at 156.

8. Peer engaged public relations consultant Malkus a financial contributor to Naugle's campaign, to help him with his campaign "after [Peer] had officially started getting battered by the media," but Peer did not pay him for his services. *See* Peer's Depo. at 55, 136, and 157. "When things really started blowing up in the newspapers […Peer] had to ask [Malkus] to really come on fully and *su*pport [Peer]". *See* Peer's Depo. at 158.

9. Although Malkus contributed to Naugle's campaign, Peer did not believe that was a conflict of interest or question why Malkus wanted him to run for Mayor of the City of Fort Lauderdale. *See* Peer's Depo. p. 157-158.

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

10.     Malkus gave Peer free"[a]dvice in dealing with erroneous reports in the newspaper," and he spoke to the Sun-Sentinel and Miami Herald regarding Peer's campaign for the office of Mayor of the City of Fort Lauderdale.  *See* Malkus' Depo. p. 26-27, which was previously filed in this matter as D.E. 41, entered on 8/03/2006 (hereinafter "Malkus' Depo.").

11.     On January 17, 2006,  Lewis' former counsel, Malove, filed the **unverified** Emergency Complaint, which sought entry of an:

> Order declaring the Defendant's, CHRISTOPHER JAMES PEER'S candidacy, for the post of Mayor-Commissioner of the City of Fort Lauderdale, unlawful, pursuant to the City Charter's qualification criteria for establishing residency, as prescribed in Article III, Section 3.03 of said City Charter, and for such other relief deemed just and proper.

*See* Exhibit attached to Plaintiff's Initial Disclosures Pursuant to Rule 26(a)(1), F.R.Civ. P., which was previously filed in this matter as D.E. 12, entered on 4/19/2006.

12.     Malkus knew about Rosenbaum from doing a Google search, and he contacted Rosenbaum regarding representation of Peer.  *See* Malkus' Depo. at 34-40.

13.     On January 30, 2006,  there was a meeting wherein Peer,  Rosenbaum, Malkus, a public relations consultant, and Chris Rickborn, Peer's campaign treasurer were present wherein bringing this action was "brought up", and paragraph 19 of the Emergency Complaint was "gone through summarily." *See* Peer's Depo. at 98-106.

14.     At the meeting detailed in paragraph thirteen (13) above, Peer retained Rosenbaum, but Peer did not pay him a retainer or costs.  *See* Peer's Depo. at 47-50.

15.     In the evening of February 1, 2006, Lewis attended Victoria Park's Civic Association Candidate's Forum. Also present at this forum was Naugle, but Peer did not attend this forum. *See* Lewis' Affidavit.

16.     At the February 1, 2006, Victoria Park's Civic Association Candidates' Forum, Naugle threatened Lewis with federal criminal prosecution and civil litigation if Lewis did not immediately withdraw from the City of Fort Lauderdale's Mayor's race.  Lewis recalls the substance of his threats as follows:

> You're going to jail.  It's a shame your kids will have to visit you in the federal jail as they grow up.  They [Peer] met with the federal prosecutors and the state attorney all day.  Your best chance to be with your kids and avoid prosecution is

Page 6 of 19

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

to immediately withdraw from the race. *See* Lewis' Affidavit.

17. Peer was not a viable candidate seriously intent about his pursuit of the office of Mayor of the City of Fort Lauderdale.

    a. Peer admits he did not attend any candidates' forums or any debates as a candidate for Mayor of the City of Fort Lauderdale.[4] *See* Exhibit "7" to D.E. 65, which was previously filed in this matter on 8/18/2006, entered on 8/08/2006: Peer's Response to Lewis' Admissions #50 & 51, and Exhibit "8" to D.E. 65, which was previously filed in this matter on 8/18/2006, entered on 8/08/2006: Lewis' Request for Admissions. *See* also Peer's Depo. at 164.

    b. Although Peer "was talking to [the reporters for the Miami Herald and Sun-Sentinel] almost daily," Peer admits that he did not attend the Sun-Sentinel's nor Miami Heralds' candidates' interviews for Mayor of the City of Fort Lauderdale. *Id. See* also Peer's Depo. at 113, and 164 -165.

    c. On or about February 1, 2006, Peer first issued his platform to the public, and the four issues he publicized that he was running on were hurricane preparedness, traffic light synchronization, beach erosion, and public safety. *See* Peer's Depo. p. 169.

    d. Peer did not raise "that much" money in his campaign. He only raised "around $900" in his campaign minus his $500. *See* Peer's Depo. at 163.

---

[4] In fact, in Peer's Response to Lewis' Request for Admissions #36-41, & 43-49, Peer admits that he did not attend any of the following: Victoria Park Civic Association's Candidates' Forum held on or about February 1, 2006; Central Beach Alliance's Candidates' Forum held at the Sheraton Yankee Trader on or about February 2, 2006; the Lauderdale Beach Homeowners' Association Meeting and Candidates' Forum held on or about February 6, 2006; Peer did not attend the City of Fort Lauderdale Police Department's Candidates' Screening held on or about January 13, 2006; City of Fort Lauderdale Fire Fighter's Candidate Screening held on or about January 13, 2006; Fort Lauderdale Council of Civic Associations' Candidates Forum held on or about January 13, 2006; Progresso Homeowners' Candidates Forum held on or about January 16, 2006; Idlewyld Improvement Association's Candidates Forum held on or about January 18, 2006; Poinsetta Heights Civic Association's Candidates Forum held on or about January 18, 2006;  Flagler Village Civic Association's Candidates Forum held on or about January 19, 2006; Area 9, Broward County Democratic Executive Committee's Candidates' Forum held on or about January 24, 2006; Lake Ridge Homeowners' Association's Candidates' Forum held on or about January 25, 2006; Realtor Association of Greater Fort Lauderdale's candidates' interviews.

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

18. On February 14, 2006, Naugle won the primary election.

19. Although Peer did not attend any candidates' forums and/or debates as a candidate for Mayor of the City of Fort Lauderdale, he did attend Jim Naugle's campaign party on February 14, 2006 at the South Port Raw Bar. *See* Peer's Depo. p. 145-146, and 164.

## NO BASIS FOR PEER'S LAWSUIT: ROSENBAUM KNEW IT BEFORE HE FILED IT

20. The Emergency Complaint was neither drafted nor signed by Lewis.

21. Paragraph 19, of the Emergency Complaint, states in part:

"Defendant's current address is '18 Charter Drive, Wilmington, North Carolina 28403.'"

22. Malove obtained the information contained in Paragraph 19 from a Westlaw People Finder Historic Tracker Record, dated 01/12/2006, which cited TransUnion as its source. *See* Composite Exhibit "B" to Affidavit of Robert David Malove, Esq., which was previously filed in this matter as Exhibit "5" to D.E. 65, entered on 8/22/2006 (hereinafter "Malove's affidavit"). As discussed herein, this information was provided to Rosenbaum by Malove on February 1, 2006. *See* Malove's Affidavit..

23. Lewis never obtained a copy of Peer's credit report.[5] *See* Lewis' Affidavit.

24. Lewis never saw a copy of Peer's credit report.[6] *Id.*

25. Malove never obtained a copy of Peer's credit report. *See* Malove's Affidavit.

26. Malove never saw a copy of Peer's credit report. *Id.*

27. On February 1, 2006, at 10:00 am, in the State Action, there was a hearing. *See* Lewis' Affidavit and Malove's Affidavit

28. At the February 1, 2006 hearing, Lewis, Malove, Rosenbaum, and Malkus and reporters from both the Sun-Sentinel and Miami Herald were present. *Id.*

29. After the February 1, 2006 hearing, before leaving the courthouse, Malove had a conversation with Rosenbaum in the presence of both Peer and Lewis. *Id.* See also Paragraph 4 of Amended Affidavit of Christopher James Peer, which was previously filed in this matter as

---

[5] Lewis never saw a copy of Peer's credit report until Peer's Counsel, Scott Greenbaum, Esq., provided a copy of Peer's 2/2/06 credit report to Lewis' Counsel at Peer's deposition on July 25, 2006, and to date, Lewis, himself, has not obtained a copy of Peer's credit report since Lewis' counsel has not provided Lewis with a copy of Peer's credit report.
[6] *Id.*

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

D.E. 105, entered on 9/22/2006 (hereinafter "Peer's Amended Affidavit").

30. In the conversation, detailed in paragraph twenty-nine (29) above, and in Malove's Affidavit and Lewis' Affidavit, Malove informed Rosenbaum and Peer that:

    a. neither Lewis nor Malove ever obtained a copy of Peer's credit report;

    b. neither Lewis nor Malove ever saw a copy of Peer's credit report; and

    c. the information contained in Paragraph 19 was obtained from a Westlaw People Finder Historic Tracker Record which cited TransUnion as its source.

31. On February 1, 2006, after the hearing, Malove drafted and filed the Amended Complaint in the State Action eliminating any information as to Westlaw's source of Peer's North Carolina address. See Exhibit "C" to Malove's Affidavit

32. Peer reviewed the Amended Complaint prior to filing this lawsuit, and decided to file this lawsuit even though any information as to Westlaw's source of Peer's North Carolina address had been removed from the Amended Complaint prior to filing this lawsuit. *See* Peer's Depo. p. 35, 38.

33. On February 1, 2006, in response to questions from reporters from both the Sun-Sentinel and Miami Herald, Lewis denied ever having obtained or seen a copy of Peer's credit report. *See* Lewis' Affidavit.

34. On or about February 1, 2006, Rosenbaum requested that Peer "pull" his credit report. *See* Peer's Depo. p. 96-97, 110-111.

35. On February 2, 2006, Peer obtained his credit report, and Peer admitted that his own 2/2/06 credit report does not reflect that Lewis obtained his credit report. *See* Peer's Depo. p. 25-26, 30-32, 96-97, 111.

36. An individual's credit report through Equifax, Experian, and/or TransUnion lists those who have requested, inquired and/or obtained an individual's credit report, and the dates of such requests, inquiries, and/ obtained an individual's report, as well as the individual's address(es).

37. Peer admitted that he has no knowledge of any credit report pertaining to him that reflects that Lewis obtained or accessed his credit report. *See* Peer's Depo. p. 61.

38. In paragraph 9 of Peer's Amended Affidavit, he admits:

    on or about February 2, 2006, [he] pulled [his] credit report from the three (3)

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

> reporting credit agencies. Although it did not indicate Mr. Lewis' name as a personal recipient of a credit report, it did indicate that my credit report had been pulled in approximately October 2005.

However, Peer does not say who pulled his credit report in October 2005 and/or on what date in October 2005 that his credit report was pulled. Neither Peer, Peer's Counsel, Peer's Former Counsel, nor Rosenbaum have proffered Peer's 2/2/06 credit report as evidence of the allegation that his credit report was pulled in October 2005; the information contained in Paragraph 19 was, in fact, in his credit report; and/or that Lewis obtained Peer's credit report <u>either directly or indirectly</u>.

39.     On or about February 2, 2006, Peer admitted that he provided Rosenbaum with a copy of Peer's 2/2/06 credit report. *See* Peer's Depo. p. 96-97, and 111.

40.     On February 3, 2006, at 2:56 p.m., four (4) days before the next hearing in the State Action and eleven (11) days before the Primary Election, Rosenbaum filed the Complaint in this matter alleging that Lewis violated the FCRA by obtaining and publishing Peer's credit report, but the Complaint fails to state how Lewis allegedly obtained Peer's credit report. Paragraph 19 of the Complaint alleges that Lewis violated 15 U.S.C. §1681 which provides:

> [a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both.

41.     During the five (5) months Rosenbaum represented Peer, he did not proffer Peer's 2/2/06 credit report as evidence that Lewis obtained Peer's credit report <u>either directly or indirectly;</u> that the North Carolina address contained in Paragraph 19 was, in fact, contained in Peer's 2/2/06 credit report; and/or that Westlaw, Malove, and/or Lewis obtained, and/or inquired about Peer's credit report in October 2005.

42.     Peer admits that the only evidentiary basis Peer has for his claims is the Emergency Complaint. *See* Peer's Depo. p. 34.

43.     The only document cited by Rosenbaum in Peer's April 18, 2006 Initial Disclosures as a document that the Plaintiff intends to use to support his claims was the Emergency Complaint. *See* Plaintiff's Initial Disclosures Pursuant to Rule 26(a)(1), F.R.Civ. P., which was previously filed in this matter as D.E. 12, entered on 4/19/2006.

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

44. As to Paragraph 19, allegations contained in a lawsuit cannot be taken as evidence because not only are they not proof of a fact, but they are judicially protected speech under Florida's Litigation Privilege.

45. Rosenbaum offered no proof, evidence, or a good faith basis that the allegations in Paragraph 19 were, in fact, true or that such allegations were, in fact, contained in Peer's credit report. Without this proof, evidence, or good faith basis, Rosenbaum had a completely frivolous and factually devoid FCRA action.

46. Assuming, arguendo, that the address in Paragraph 19 is, in fact, contained in Peer's credit report, Rosenbaum offered no evidence that Lewis improperly obtained such information under false pretenses from a consumer reporting agency. Without this proof, evidence, or a good faith basis, Rosenbaum had a completely frivolous and factually devoid FCRA action.

47. Rosenbaum offered no evidence that Lewis obtained Peer's credit report either directly or indirectly. Without this proof, evidence, or a good faith basis, Rosenbaum had a completely frivolous and factually devoid FCRA action.

48. Rosenbaum failed to make a reasonable inquiry into the facts and/or ignored the facts.

49. Rosenbaum filed this lawsuit and maintained this lawsuit without having a factual basis and for improper political purposes, and with full knowledge that Peer's action was not tenable in the face of the lack of evidence to support his claims and in possession of the evidence that gutted Peer's claim.

50. Rosenbaum continued to litigate this case with full knowledge and possession of Peer's 2/2/06 credit report, and whether or not such credit report *actually* reflected the North Carolina address cited in Paragraph 19 and/or whether or not Westlaw, Malove, and/or Lewis are reflected in such credit report.

51. On July 25, 2006, in his Response to No. 16 of Defendants' First Request for Production[7], the Plaintiff produced a copy of his credit report that he pulled and provided to

---

[7] No. 16 of Defendants' First Request for Production requested: "Any and/or all of your campaign materials produced, designed, and/or distributed by you, and/or any of your agents,

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

Rosenbaum on 2/2/06. *See* Defendant's First Request for Production, which was previously filed in this matter as Exhibit "2" to D.E. 72, entered on 8/22/2006, and Plaintiff's Answers to Defendant's First Request for Production which was previously filed in this matter as Exhibit "4" to D.E. 72, entered on 8/23/2006

52.   Almost a year after the commencement of this action, Peer's 2/2/06 credit report was filed under seal by this Court at the Defendant's request. *See* Peer's 2/2/06 credit report, which this Honorable Court ordered filed under seal in the Miami Vault, [D.E. 130], entered on 1/25/07.

53.   If the North Carolina address cited in Paragraph 19 is not, in fact, in Peer's 2/2/06 credit report, and neither Westlaw, Malove, and/or Lewis are reflected in such report, that evidence is indicative that Rosenbaum knew that Peer's lawsuit was factually baseless when Rosenbaum filed this action, and insisted upon Peer's claims. *Id.*

54.   Peer's 2/2/06 credit report, sitting under seal in the vault in MIA, contradicts Peer's claims, and thus Rosenbaum could not proffer it in support of Peer's claim

## MEDIA PLAY 4 DAYS BEFORE STATE HEARING & 11 DAYS BEFORE PRIMARY

55.   On February 2, 2006, an article appeared in the Sun-Sentinel reporting that:

> **Malkus said he called in criminal defense attorney Richard Rosenbaum….**
>
> **Rosenbaum and Malkus said they're pursuing a federal lawsuit against Lewis, claiming he broke the law by disclosing in his lawsuit information – an address from Peer's credit report**.

(Emphasis added.) *See* Malkus' Depo. at 36 – 38. *See also* Exhibit "C" to Malkus' Depo.

56.   On February 4, 2006, an article appeared in the Miami Herald reporting in relevant part:

> Lewis' complaint alleges that Peer's voter registration and license listed an Ocala address until late last year, that he voted using an Ocala address in 2000, 2002 and 2004, and that a credit report lists a North Carolina address.
>
> Mention of the credit report drew Peer's federal complaint alleging violation of the Fair Credit Reporting Act, which restricts unauthorized access to personal reports.

---

employees, friends, campaign workers and/or volunteers, persons acting on your behalf, from January 1, 2006 to the present.

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

> **Charles Malkus, a public relations specialist helping Peer, noted that it is a felony to obtain information from a consumer reporting agency under false pretenses. Malkus, the public relations specialist, has contributed to Naugle's campaign. He said he was donating his services to Peer because he believes Peer has been unfairly attacked**.

(Emphasis added.)  *See* Peer's' Depo. at 62 – 65.  *See also* Exhibit "10" to Peer's Depo.

57.  On February 6, 2006, Rosenbaum filed a Notice of Filing a Return of Service dated 2/3/06, which contains false, malicious, and/or ill-intended allegations.  The box next to served personally is not checked.  *See* 2/6/06 Notice of Filing Return of Service, which was previously filed in this matter as D.E. 3, entered on 2/06/2006

58.  On February 3, 2006, Lewis was not served with a summons and complaint in this matter.  *See* Lewis' Affidavit.

59.  Rosenbaum's process server, Arthur Rosenauer (hereinafter "Rosenauer"), testified that he did not actually serve Lewis on February 3, 2006.  *See* Rosenauer's Depo. p. 8. 10, 16, 17, and 24, which was previously filed in this matter as D.E. 48, entered on 8/20/2006 (hereinafter "Rosenauer's Depo.").

60.  Since Lewis was not served on February 3, 2006, Rosenbaum's filing of the February 6, 2007 Notice of Filing a Return of Service dated 2/3/06 serves no legitimate purpose, but rather only serves to harass, embarrass, and/or cause Lewis negative publicity.

61.  Rosenauer testified that the service had to be done quickly, and there was a sense of urgency with respect to the service of Lewis in this matter:

> As I remember, this was in a real hurry.  It seems to me there was there were very few days and it had to be done very quickly, so, I was trying to make it as clear as possible without delaying the process.

*See* Rosenauer's Depo. at 13.

> **Well, I think there was a hearing and I think the hearing was coming up very quickly.  It seems to me there was a hearing in just a few days, so service had to be effected quickly.  I don't remember why there was time pressure on it, but I remember the hearing was clos**e.

(Emphasis added.)  *See* Rosenauer's Depo. at 13-14.

> I don't remember being given that it has to be done by Friday, but I remember

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

being told that we need this quickly.

*See* Rosenauer's Depo. at 24.

62. At his deposition, Rosenauer was asked if he could swear that the service on Lewis needed to be done quickly, and Rosenauer responded: "[y]eah, that it needed to be done quickly." *See* Rosenauer's Depo. at 24-25.

63. Although on February 4, 2006, both the Sun-Sentinel and Miami Herald reported allegations of Peer's complaint in this matter, the Complaint, Summons, and Notice of Filing Return of Service executed for Lewis on 2/3/06 in this matter were not entered into PACER's docket until February 6, 2006. *See* Complaint [D.E.], filed on 2/03/06, but entered on 2/06/06/ *See* Peer's Depo. at 62-65, and 66-72. *See also* Exhibits "10" and "11" to Peer's Depo.

64. Peer admits giving the Complaint in this matter to Malkus. *See* Peer's Depo. p. 65-66.

65. On February 7, 2006, at 10:30 am, there was another hearing in the State Action. Lewis attended this hearing with Malove. *See* Lewis' Affidavit and Malove's Affidavit.

66. After attending the February 7, 2006 hearing, but before leaving the courthouse, Lewis was "served" for the first and only time in this matter with a copy of the Complaint and Summons. This was also the first time Lewis had seen the Complaint and Summons in this matter. *See* Lewis' Affidavit and Malove's Affidavit.

67. Rosenauer testified that the only time he served Lewis in this matter was on February 7, 2006. *See* Rosenauer's Depo. at 18 – 24.

68. On February 9, 2006, Peer filed a Notice of Filing a Return of Service dated 2/6/06, which appears to be the same Return of Service dated 2/3/06, with modifications. The box next to served personally is now checked, and the 2/3/06 dates appear to be modified to read 2/7/06, with the addition of 2/7 10:[15] A Personal noted at the bottom. *See* Notice of Filing Return of Service, which was previously filed in this matter as D.E. 5, entered on 2/09/2006.

## ROSENBAUM'S BAD FAITH BULLY TACTICS

### Rosenbaum's Rule 11 Letter and Baseless and Improper Threats

69. On May 9, 2006[8], Rosenbaum, who filed this baseless action and possessed Peer's 2/2/06

---

[8] The envelope was postmarked May 9, 2006, thereby Rosenbaum shortened Rule 11's proscribed 21 day safe harbor period to 17 days.

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel,
Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C.
§1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

credit report, actually had the audacity to send Lewis a letter, dated May 5, 2006, threatening Lewis with the imposition of sanctions pursuant to Fed. R.Civ.P. 11, but failed to serve Lewis with an actual motion and memorandum of law as required by the rules. Such letter states in pertinent part:

> Based upon my firm's inquiry of the facts and circumstances surrounding this case, your Answer and Affirmative Defenses, and Counter-Complaint are being presented for an improper purpose and have been filed merely to harass or to cause unnecessary delay or needless increase in the cost of litigation for Christopher Peer…In that your allegations and factual contentions lack evidentiary support, and that your denials of factual contentions of Christopher James Peer are not reasonably based upon a lack of information, my client seeks to have the Court impose sanctions against you pursuant to Rule 11, Federal Rules of Civil Procedure. As you know the sanction may consist or include directives of reasonable attorneys' fees and other expenses incurred as a direct result of your violation of Rule 11.
>
> Pursuant to the Federal Rules of Civil Procedure, this motion is made separately from other motions under the Rules. We are serving this Motion as provided in Rule 5, Federal Rules of Civil Procedure, but shall not file this Motion or present the same to the court unless, within 21 days after service of the Motion, your Answer, Affirmative Defenses, Counter-Claims and Initial Disclosures are not withdrawn or appropriately corrected. Of course, if you fail to make the necessary withdrawals and/or changes, we shall ask the court to award in favor of Christopher James Peer reasonable expenses and attorneys' fees incurred in presenting the Motion.
>
> We take the imposition of sanctions very seriously in Federal Court. I hope that you too honor your obligations since you have elected to proceed *pro se*.
>
> I look forward to hearing your response to this Motion in a timely fashion.
> PLEASE GOVERN YOURSELF ACCORDINGLY.

A copy of Rosenbaum's May 5, 2006 Rule 11 Sanctions letter is attached hereto.

70. As a pro se litigant, on May 18, 2006, Lewis responded to Rosenbaum's Rule 11 threat Letter by hand-delivery of correspondence inquiring about the intentions of his Rule 11 threat letter and where his Rule 11 Motion was.

71. Rosenbaum failed to respond to Lewis' aforementioned May 18, 2006 correspondence and never served Lewis with any Rule 11 Motion and/or Memorandum of Law.

Page 15 of 19

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

### Rosenbaum's Sanctions for Communicating with the Judge about His Rule 11 Letter

72.  Having not received a response from Rosenbaum nor a Rule 11 Motion, Lewis as a dutiful pro se litigant mindful of the rules, in an abundance of caution, sought, via correspondence to the Court, dated May 19, 2006, judicial notice that he was not served with a Rule 11 Motion as required, and the Court's guidance as to how the 21 days should be calculated in the absence of an actual Rule 11 Motion since Rule 11 did not address a situation as the instant one where a letter was served without a motion. A copy of Lewis' May 19, 2006 to the Honorable Magistrate Judge Lurana S. Snow is attached hereto.

73.  On May 22, 2006, Rosenbaum sent Lewis a letter threatening him again with sanctions even though he knew or should have known that the United States for the Southern District of Florida's Local Rule 7.7 did not apply to a pro se litigant. Such letter states in pertinent part:

> On another note, it appears that you hand delivered correspondence to Magistrate Snow on May 19, 2006. This is in contravention of the local rules. Although you are not a lawyer, if you continue to have ex parte communications with the Judge, I shall seek further sanctions against you.

A Copy of Rosenbaum's May 22, 2006 letter is attached hereto.

### ROSENBAUM'S BAD FAITH DELAY AND OBSTRUCTION TACTICS

74.  The only discovery propounded by Rosenbaum was 9 Requests for Admission served on May 22, 2006. A copy of Plaintiff's Request for Admissions is attached hereto.

75.  Rosenbaum did not seek to take the deposition of Lewis' or any other person in this Matter.

76.  However, Lewis sought to take Peer's and Rosenbaum's deposition as well as those persons listed in his Rule 26 Initial disclosures. On May 18, 2006, Lewis hand-delivered Rosenbaum correspondence seeking to accommodate Rosenbaum's schedule, and asking him to respond by May 25, 2006 with the best dates for Peer and Rosenbaum to be deposed during the weeks of June 12th and June 19th, and for Rosenbaum to attend depositions of other third parties in the aforementioned time periods. A copy of Lewis' May 18, 2006 Deposition letter is attached hereto.

77.  Rosenbaum's aforementioned May 22, 2006 letter, also threatened sanctions against Lewis if he made any attempt to depose Rosenbaum, and stated that his client was not available

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

during the week of June 12 or June 19.  However, Rosenbaum failed to propose alternative dates for any depositions.  As stated supra, a copy of Rosenbaum's May 22, 2006 letter is attached hereto.

78.     On June 16, 2006, the undersigned hand-delivered correspondence to Rosenbaum in an attempt to schedule depositions on dates available to Rosenbaum, and requesting that he provide her with his un-available dates in July by June 21, 2006.   A copy of the undersigned's June 16, 2006 correspondence is attached hereto.

79.     Rosenbaum failed to respond to the undersigned's correspondence and request for deposition dates, and instead withdrew as detailed below.

### ROSENBAUM WITHDREW BEFORE BEING SERVED WITH A RULE 11 MOTION

80.     On June 19, 2006, the last day to serve Peer's responses to Lewis' Interrogatories and a week before Peer's responses to Lewis' Request for Production were due, Rosenbaum moved to withdraw from the case and sought a 45 day continuance of this case.  *See* Motion to Withdraw as Counsel and to Extend the Time for Plaintiff to Respond to Discovery, which was previously filed in this matter as D.E. 15, entered on 6/20/06.

81.     On June 21, 2006, the Honorable James I. Cohn entered an Order Granting Motion to Withdraw as Counsel and Order Granting in Part Motion to Extend Time for Plaintiff to Respond to Discovery.  *See* Order Granting Motion to Withdraw as Counsel and Order Granting in Part Motion to Extend the Time for Plaintiff to Respond to Discovery, which was previously filed in this matter as D.E. 18, entered on 6/22/06.

### Conclusion

Rosenbaum knew that he was filing a lawsuit not grounded in fact and possessed evidence which contradicted Peer's claim. Then, Malkus, Rosenbaum, and Naugle publically threatened Lewis with criminal penalties citing the FCRA.  When that did not result in Lewis dropping out of the race for Mayor and/or dropping the State Action, Rosenbaum threatened Lewis repeatedly with baseless sanctions.  Lewis sought aggressively as a pro se litigant to prosecute his claims and defend against Peer's claims, but Rosenbaum sought delays and/or obstructed Lewis' quest to seek the truth throughout the discovery process, even though Rosenbaum had evidence contradicting Peer's claims.   Instead of doing the right thing by

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

turning over Peer's 2/2/06 credit report, and dismissing Peer's baseless claim, Rosenbaum withdrew himself from the case and thereby from sanctions pursuant to a Rule 11(c)(1)(A) Motion, but not from sanctions pursuant to Rule 11(c)(1)(B) on the court's initiative. During his representation of Peer, Rosenbaum did more to condemn Lewis to the media, obstruct Lewis' discovery efforts, and delay the case than he did to prosecute Peer's claims.

Rosenbaum should be sanctioned pursuant to Section 1927, the Court's Inherent Power, and Fed. R. Civ. P. 11(c)(1)(B) for using the Federal Courts to bring this action and to continue litigating Peer's case, knowing that Peer's case was clearly not tenable and never was; abusing the judicial process for improper political purpose, and engaging in bad faith conduct subsequent to filing this action and throughout his representation of Peer in this matter as detailed above and in the Memorandum of Law.

WHEREFORE, the Defendant, DANIEL WARFIELD LEWIS, respectfully requests that this Honorable Court enter an Order providing for the following relief:

a. Imposing sanctions against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum, Esq. jointly and severally, as expressly provided in 28 U.S.C. §1927, including but not limited to an award of the excess costs, expenses, attorneys fees incurred as a result of Rosenbaum's conduct;

b. Imposing sanctions against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum, Esq. pursuant to the Court's Inherent Authority;

c. Imposing sanctions on the Court's Initiative against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum, Esq. Pursuant to Fed. R. Civ. P. 11(c)(1)(B); and/or

d. Awarding such further relief as the Court deems equitable and just.

### Certificate of Compliance with Local Rule 7.1.A.3.

In compliance with Local Rule 7.1.A.3, the undersigned certifies that, prior to serving the instant Motion, she has made reasonable efforts to confer with Peer's Former Counsel, Richard Rosenbaum, Esq. On July 12, 2006, had a telephone conference with Peer's Former Counsel, Richard Rosenbaum, Esq. wherein the undersigned attempted to resolve the frivolous litigation issues in the instant Motion, but was unable to do so. To date, the undersigned has not been able

Peer v. Lewis, Case No. 06-60146 CIV-TORRES Consent Case
Defendant, Daniel Warfield Lewis' Motion For Sanctions Against Plaintiff's Former Counsel, Richard L. Rosenbaum, Esq. and Law Offices of Richard L. Rosenbaum Pursuant to 28 U.S.C. §1927, and the Court's Inherent Power, with Incorporated Memorandum of Law

to resolve the matters in the instant Motion prior to serving and filing the instant Motion.

Dated: July 9, 2007.

> Respectfully Submitted,
>
> s/Colleen Kathryn O'Loughlin
> COLLEEN KATHRYN O'LOUGHLIN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on July 9, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on July 9, 2007 as follows: service via hand-delivery to Richard L. Rosenbaum, Esq., Plaintiff's Former Counsel, Arnstein & Lehr L L P, 200 East Las Olas Boulevard, Suite 1700, Fort Lauderdale, Florida  33301 and via U.S. Mail on Scott Greenbaum, Esq., Plaintiff's Counsel, Law Office of Scott Greenbaum, , 200 Southeast 18th Court, Fort Lauderdale, FL  33316,, who is not authorized to receive electronically Notices of Electronic filing.

> s/Colleen Kathryn O'Loughlin
>
> COLLEEN KATHRYN O'LOUGHLIN
> FBN:  0042528
> cailino@bellsouth.net
> Colleen Kathryn O'Loughlin, P.A.
> Post Office Box 4493
> Fort Lauderdale, Florida  33338-4493
> (954) 467-5505
> Attorney for Defendant, Daniel Warfield Lewis