**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 06-60146-CIV-TORRES
Consent Case

CHRISTOPHER JAMES PEER,

    Plaintiff,

v.

DANIEL WARFIELD LEWIS,

    Defendant.
_____/

## ORDER DISQUALIFYING PLAINTIFF'S COUNSEL

This matter is before the Court pursuant to various pending matters, including Defendant's motion for sanctions under Fed. R. Civ. P. 37 [D.E. 122]. The Court set a status conference on all pending motions for May 30, 2007, at which time counsel for Plaintiff did not appear. The Court's Order of June 26, 2006 [D.E. 148] granted Defendant's motion for sanctions in part and issued an Order to Show Cause why Plaintiff's counsel should not be disqualified in the case. The Court set a hearing on that Order for July 12, 2007. Plaintiff's counsel again did not appear for that hearing. [D.E. 153]. The matter is again ripe for appropriate sanctions.

### *I. FINDINGS*

1.    Daniel Warfield Lewis ("Defendant") previously filed a Motion for Sanctions, to Compel, and/or Re-Depose Charles Malkus Pursuant to Fed. R. Civ. P. 37(a)(2) and (4), 28 U.S.C. § 1927, Local Rule 30.1.D, and the Court's Inherent Power. [D.E. 43]. That Motion asserted that Plaintiff's counsel, Scott Greenbaum ("Greenbaum") disrupted the deposition of Charles Malkus by making improper objections, making non-verbal communications, and improperly terminating the deposition. After reviewing the

deposition transcript, the Motion for Sanctions, Plaintiff's Response [D.E. 62], and Defendant's Reply [D.E. 73], Magistrate Judge Snow found that Greenbaum improperly terminated the deposition. Magistrate Judge Snow further found that Greenbaum should be sanctioned and required to reimburse the Defendant for the cost of briefing the Motion for Sanctions.

2.      After Defendant submitted supporting affidavits to establish the amount of costs and fees that should be assessed pursuant to Judge Snow's Order, this Court entered Judgment against counsel Greenbaum for $4,923.25. That Judgment, to date, has not been satisfied.

3.      Additionally, the Court's Order of October 17, 2006, Ordered that Charles Malkus's deposition be retaken based upon the earlier Order [D.E. 86] granting the motion to continue the deposition. Following that Order, Plaintiff failed to comply with his obligations to coordinate new deposition dates with Defendant's counsel despite repeated requests.

4.      The Court's October 17th Order also Ordered Plaintiff to:

> supplement his discovery responses so that they are fully responsive to the discovery requests (i.e., including all documents not previously produced and all information contained in Plaintiff's affidavit filed in response to Defendant's Motion for Summary Judgment). Supplementation shall be completed by Plaintiff by no later than October 30, 2006. Defendant shall be entitled to utilize the supplemental discovery responses as deemed necessary in the litigation of this matter. However, Plaintiff will not be permitted to use the previously undisclosed witness or information as evidence at trial, at a hearing, or on a motion. See Fed. R. Civ. P. 37(c).

See [D.E. 114].

5.      Plaintiff totally failed to abide by the requirements set forth in the Omnibus Order. Defendant has also filed with the Court the "updated" responses to Defendant's First Request for Production which supported granting the Motion for Sanctions.

Plaintiff's counsel failed to file a response in opposition to the motion for sanctions and all of the supporting materials filed by Defendant in support of that motion. As a result, on February 22, 2007, the Court expressly found that there was no good cause that justified Plaintiff's violation of the Omnibus Order. [D.E. 134].

6. The Court did not enter any sanctions at that time, however. The Court provided Plaintiff and his counsel one last opportunity to show good cause why the sanctions should not be granted. [D.E. 134]. In response to that Order, and following the entry of Judgment, counsel filed a response on March 2, 2007 [D.E. 138] that claimed that he had recently moved and had not been receiving all his mail, that sanctions had already been entered against him, and that he simply needed more time to comply with the Court's Order in lieu of striking Plaintiff's pleadings.

7. Since then, however, no further discovery was provided to Defendant notwithstanding counsel's representation that such discovery was forthcoming and in direct violation of the Court's Omnibus Order. Following that noncompliance, Defendant's counsel requested another status conference in the matter, which was granted on May 24, 2007. The status conference was then held on May 30, 2007. Plaintiff's counsel, however, was not present, nor was any evidence of compliance with the Court's Orders and Rule 37 provided.

8. As a result, the Court granted the motion for sanctions [D.E. 148] and struck Plaintiff's complaint based upon the contumacious disregard of the Court's Orders and discovery rules. At the same time, the Court issued an Order to Show Cause why Plaintiff's counsel should not be disqualified based upon counsel's participation in the failure to comply with the Court's Orders, failure to appear for the hearing, failure to file a notice of appearance that set forth counsel's correct address, failure to respond at all

during the case to his client's interests, and failure to comply with the Court's judgment. The hearing on the Order to Show Cause was set for July 12, 2007.

9.      At the July 12, 2007status conference, notwithstanding the clear requirements of the Court's Order to Show Cause, the warning that the failure to appear at that hearing could by itself provide grounds for counsel's disqualification, and the certificate of service filed by Defendant's counsel that the Court's Order had been properly served on Plaintiff's counsel, counsel again did not appear at the hearing. Therefore, the Court orally announced at the hearing that counsel would be disqualified from any further participation in this case.

## II. ANALYSIS

The Court's earlier sanctions Order fully sets forth the history of discovery abuse in the case, which resulted in the Court striking Plaintiff's complaint based upon Plaintiff's failure to comply with the Court's Rules, with Orders to compel entered by the Court, and repeated warnings from the Court that the failure to comply with Plaintiff's obligations thereunder could result in dismissal of Plaintiff's claim. That Order has been entered with no response or attempted reconsideration from Plaintiff.

The question that was left open in that June 26th Order was whether counsel for Plaintiff should be permitted to remain in the case and represent Plaintiff in connection with Defendant's counterclaim. The Court's Order was clearly concerned that Plaintiff was being prejudiced by his counsel's failures in the case. As a result, the Court's Order issued an express Order to Show Cause to Plaintiff's counsel why he should not be disqualified from the case.

The response to that Order mirrored counsel's response to the Court's earlier Orders – neglectful disregard. Counsel failed to appear on his client's and his own behalf

at the July 12th status conference notwithstanding the Court's clear warning that the failure to do so would result in disqualification.

Pursuant to the Court's inherent power to regulate the parties and lawyers appearing before it, *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765-67 (1980), the Court is left with no alternative but to disqualify Plaintiff's counsel, Scott Greenbaum, from any further participation in the case. The Court has an obligation to protect the Court and Plaintiff himself from a lawyer who fails to comply with the Court's Rules and Orders. Those failures have already resulted in entry of dismissal of Plaintiff's claims. Because it is clear that counsel has engaged in reckless disregard of his obligations to his client, the Court must provide notice to Plaintiff that he must find himself a new lawyer to represent him in connection with the counterclaims that remain pending against him in this case.

The Court recognizes that disqualification of counsel is a serious sanction that can be undertaken only as a last possible resort and only upon clear and convincing evidence of counsel's bad faith or reckless disregard. The record in this demonstrates quite amply that such is the case here. The Court specifically finds that counsel's repeated failures require his disqualification, as every other tool that the Court has utilized in this case has, to date, failed.

The Court's obligation to disqualify counsel also stems from Florida's Rules of Professional Responsibility, that require that counsel competently represent a client and comply with his obligations to the Court and opposing litigants. The record in this case amply demonstrates that counsel has failed to comply with these responsibilities. Counsel cannot be permitted to participate any further in the case.

### *III.   CONCLUSION*

Accordingly, based upon a thorough review of the record, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's counsel, Scott Greenbaum, is hereby Disqualified from any further proceedings in this case. The Clerk of the Court shall terminate his appearance in this case. Mr. Greenbaum is ORDERED to immediately provide a copy of this Order to his client, Christopher Peer, at his last known address.

2. Plaintiff/Counter-defendant Christopher J. Peer has fifteen days from the date of this Order to secure new counsel to represent him in further proceedings in this case. Counsel's appearance shall be filed by that date. Alternatively, Mr. Peer shall file a notice with the Clerk of the Court that he intends to defend this action on a pro se basis.

3. Any counsel appearing on Counter-defendant Peer's behalf in this proceeding shall do so recognizing the current obligations and schedule that shall govern this case. A trial order shall be issued separately for that purpose.

4. Defendant's counsel is Ordered to immediately serve by U.S. mail a copy of this Order on Plaintiff's counsel, Scott Greenbaum, Esq., at the address set forth in his last filing: 200 Southeast 18th Court, Fort Lauderdale, Florida 33316, as well as Christopher Peer individually at his last known address.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 20th day of July, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge