UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-60146-CIV-TORRES

CONSENT CASE

CHRISTOPHER JAMES PEER,

    Plaintiff /Counter-Defendant,

vs.

DANIEL WARFIELD LEWIS

    Defendant /Counter-Plaintiff.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions – what we call your deliberations. In deciding this case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence? You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately as time passes. So, if a witness has made a misstatement, you need to consider whether that misstatement was

simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

As you know, the counter-defendant Christopher Peer, who I will refer to here as Peer, opted to represent himself *pro se* in this trial, which means he tried the case without the assistance of a lawyer. On the other hand, the counter-plaintiff Daniel Lewis, who I will refer to here as Lewis, was represented by two attorneys. This circumstances should in no way factor into your determination of the facts of this case, one way or another.

In this case you have been permitted to take notes during the course of the trial, and most of you-perhaps all of you-have taken advantage of that opportunity and have made notes from time to time. You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

Now, let's talk about the specific issues for your determination.

## Abuse of Process - Background

Daniel Lewis seeks to recover damages based upon a claim of abuse of process. The essential elements of such claim are: (i) that Peer used a legal process in a wrongful manner, not proper in the regular conduct of a proceeding, or to accomplish a purpose for which it was not designed; (ii) that Peer acted with an ulterior motive; (iii) that a willful act was committed by Peer, not authorized by the process and not proper in the regular conduct of the proceedings; and (iv) that Peer's misuse of the legal process was a cause of injury, damage, loss, or harm to Lewis.

This Court has already made the determination that, due to procedural issues, Lewis has satisfied the first three elements of the claim. In other words, you are instructed that Peer is liable for the claim of abuse of process. Accordingly, your purpose as a jury is to determine whether Lewis satisfied the fourth element of the claim by proving Peer caused Lewis damages.

## Abuse of Process - Damages

In considering the question of damages, you should award Lewis an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Lewis for such loss or damage as the greater weight of the evidence shows was caused by Peer's abuse of process. Peer's actions, however, must be the legal *cause* of the claimed pecuniary losses. Peer's actions are the legal cause of the claimed losses if they directly, and in natural and continuous sequence, produced or contributed substantially to such losses so that it could reasonably be said that, but for those actions, the claimed loss or damage would not have occurred.

Lewis seeks the following types of damages:

*a. Injury to reputation or health; shame, humiliation, mental anguish, hurt feelings:*

Any injury to reputation or health, and any shame, humiliation, mental anguish and hurt feelings experienced in the past, or to be experienced in the future. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in light of the evidence.

*b. Legal expense:*

The reasonable expenses, including lawyers' fees, necessarily incurred by Lewis in the proceeding complained of.

*c. Lost earnings, lost time, lost earning capacity:*

Any earnings, and any working time lost in the past, and any loss of ability to earn money in the future, or any loss of ability to earn money sustained in the past, and any such loss in the future.

You must determine for each category whether Lewis has presented evidence of such damage and whether Peer's actions were the legal cause of that damage. By the Court identifying these categories, you should not assume that I am instructing you to find that damages must be assessed for each particular category.

Rather, in considering the issue of Lewis's damages, for each category of loss claimed you should assess the amount you find to be justified by the greater weight of the evidence as full, just and reasonable compensation for Lewis's damages, no more and no less. Compensatory damages are not allowed as punishment and must not be imposed or increased to penalize Peer. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable. Lewis is, however, entitled to recover damages for a particular loss or type of harm as long as there is some reasonable basis for estimating or approximating the amount of the loss or harm, even though the exact amount of that loss or harm cannot be determined. Lewis may not be denied damages merely because the amount of the loss or harm is uncertain or difficult to determine.

You are also instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage. So, if you find that Peer has shown from the greater weight of the evidence that Lewis failed to seek out or take advantage of a business or political opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of Lewis' damages by the amount that could have been reasonably realized if Lewis had taken advantage of such opportunity.

## Abuse of Process - Punitive Damages

You must also consider whether, in addition to compensatory damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others. Although the Court has made the determination that compensatory damages are available, it is your decision whether or not to award punitive damages.

The punitive damages issue is divided into two stages. In the first stage, you will decide whether Peer's conduct was such that punitive damages are warranted. Peer may be held liable for punitive damages if you, as the trier of fact, based on clear and convincing evidence, find that he was personally guilty of a specific intent to harm, intentional misconduct, or gross negligence. Let me define these particular terms for you.

"Clear and convincing evidence" differs from the greater weight of the evidence in that it is more compelling and persuasive. Again, greater weight of the evidence means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true. By contrast, clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter at issue.

A "specific intent to harm" arises if at the time of injury Peer had a specific intent to harm Lewis and did in fact cause harm to Lewis.

"Intentional misconduct" means that Peer had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to Lewis would result and, despite that knowledge, intentionally pursued that course of conduct resulting in injury or damage.

"Gross negligence" means that Peer's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

If you find that clear and convincing evidence shows that Lewis should recover punitive damages, then you should proceed to the second stage and determine the amount of punitive damages, if any, to be assessed. You should decide any disputed factual issues as to that amount by the greater weight of the evidence.

In making this determination, you should consider the following:

(1) the nature, extent and degree of reprehensibility of the misconduct and the related circumstances, which include the following:

> (a) whether the wrongful conduct was motivated solely by unreasonable financial gain,
>
> (b) whether the unreasonably dangerous or reckless nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by Peer, or whether at the time of the loss, injury or damages, Peer had a specific intent to harm Lewis and the conduct of Peer caused harm to Lewis;

(2) Peer's financial resources;

(3) the amount of actual harm caused by the conduct, because the size of any punishment should bear a reasonable relationship to the actual harm caused by Peer's conduct; and

(4) any other reasonable circumstances that may affect the amount of punitive damages.

You may in your discretion decline to assess punitive damages. Your verdict on the issues raised by Lewis's punitive damages claim against Peer must be based on the evidence that has been received during the trial of this case. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice or sympathy for or against any party.

## Duty to Deliberate

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience. I will review it with you.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.