# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 06-60146-Civ-TORRES

CHRISTOPHER JAMES PEER,

      Plaintiff/Counter-defendant,

v.

DANIEL WARFIELD LEWIS,

      Defendant/Counter-plaintiff.

_____/

## OMNIBUS ORDER ON PENDING FEE MOTIONS

      This matter is before several remaining pending motions relating to claims for attorneys' fees against Christopher Peer and his lawyers in the case. The motions have been and are fully ripe for disposition. There is a pending notice of appeal in this case from the Court's amended judgment, but it is well established that a trial court is not divested of jurisdiction from a notice of appeal for collateral matters, like attorneys' fees motions. Therefore, the Court will exercise its discretion to rule on the pending matters.

## I.  MOTIONS FOR SANCTIONS

      Counter-Defendant Daniel W. Lewis has filed two motions for sanctions in this case [D.E. 118, 151]. These motions seek sanctions against Peer and his counsel under Rule 11, 28 U.S.C. § 1927 and the Court's inherent power based upon frivolous litigation that Peer pursued from the outset of this case against Lewis. As the record

will reveal, the Court has now entered final judgment against Peer on his original complaint, filed under 15 U.S.C. § 1681, based upon Peer's default stemming from his repeated failure to comply with the Court's rules. [D.E. 148, 242].  The Court has also previously entered a judgment for attorneys' fees as a sanction against one of Peer's lawyers, Scott Greenbaum, based upon that lawyer's failures to comply with Orders entered by the Court directed at him and the resulting injury to Lewis and his counsel. [D.E. 141].

The matters remaining deal with sanctions against Peer's counsel under Fed. R. Civ. P. 11,  28 U.S.C. § 1927 and/or the Court's inherent powers.  To a great extent, the jury's verdict in this case against Peer on the abuse of process claim make Lewis partially whole for the injury and damage caused by Peer's lawsuit against Lewis.  A judgment in favor of Lewis has been entered (which is on appeal following the Court's remittitur of the amount of the jury's verdict).  Additionally, there is a pending motion for recovery of attorneys' fees under 15 U.S.C. § 1681n(c) that will be separately addressed.  The resolution of these particular sanction motions, however, depends on whether the Court finds that Peer's counsel, not just Peer, should be responsible for Lewis's attorneys' fees and costs.

### A.   *Rule 11 Sanctions*

Rule 11 of the Federal Rules of Civil Procedure provides that by signing a pleading, motion, or other paper presented to the court, the attorney signing is certifying that the claim asserted is neither frivolous nor brought for an improper purpose.  Fed. R. Civ. P. 11(b).  The Rule further provides that if a party violates that

certification a court may, after notice and an opportunity for the offending party to respond, impose sanctions.  Fed. R. Civ. P. 11(c).

When ruling on a motion for sanctions pursuant to Fed. R. Civ. P. 11, the Court performs a two-part inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Byrne v, Nezhat,* 261 F.3d 1075, 1105 (11th Cir. 2001).  Rule 11 is intended "to deter claims with *no* factual or legal basis at all." *Davis v. Carl,* 906 F.2d 533, 538 (11th Cir. 1990).

The first prong of this inquiry is an objective standard for assessing conduct, that takes into account the "reasonableness under the circumstances" and "what was reasonable to believe at the time" the representation to the Court was made.  *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1331 (11th Cir. 1992); *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987).  An objectively frivolous claim can be demonstrated in one of three ways:   (1) when a party files a pleading, written motion or other paper that has no reasonable factual basis; (2) when a party files a pleading, written motion or other paper that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when a party files a pleading, written motion or other paper in bad faith for an improper purpose.  *Id.*; *see also Worldwide Primates, Inc. v. McGreal,* 87 F.3d 1252, 1254 (11th Cir. 1996).

Assuming the first prong of the inquiry is satisfied, the second test focuses on whether the lawyer should have been aware that the claims were frivolous; "that is,

whether he would have been aware had he made made a reasonable inquiry." *Jones v. International Riding Helmets, Ltd.,* 49 F.3d 692, 695 (11th Cir. 1995).   The reasonableness of the prefiling inquiry depends on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the underlying facts; and whether the paper was based on a plausible view of the law.   *Id.* (citing *Donaldson v. Clark,* 819 F.2d at 1556).

The Court's analysis must focus on what the lawyer knew or did before filing the offending paper.   The text of Rule 11 permits sanctions only if the objectionable court paper is "signed in violation of this rule."   *Souran v. Travelers Ins. Co.,* 982 F.2d 1497, 1507 (11th Cir.1993).   Thus, the Court's inquiry focuses only on the merits of the pleading gleaned from facts and law known or available to the attorney at the time of filing.   *Id.* at 1508 (citations omitted).   "The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted."   *Id.* at 1507 (quoting Fed.R.Civ.P. 11, Advisory Committee Note, 1993 Amd.)

This means that Rule 11 sanctions are warranted when a party demonstrates a "deliberate indifference to obvious facts," but not when the evidence is merely weak or the case is brought as a result of "poor judgment."   *Davis v. Carl*, 906 F.2d at 537. If there is "scant on-point authority to guide the reasonable lawyer to the conclusion that . . . he either had no reasonable chance of success or was advancing an unreasonable argument to change existing law[,]" then the lawyer should not be sanctioned.   *Anderson v. Smithfield Foods, Inc.,* 353 F.3d 912, 915 (11th Cir. 2003)

(reversing Rule 11 sanction award as abuse of discretion despite affirming district court's dismissal of action on the merits).  On the other hand, if a lawyer knows at the time of filing that his client's claims are not plausible under the facts or the law, then he may be sanctioned under the Rule.  *See Jones,* 49 F.3d at 695-96.

Based on these principles, Lewis seeks Rule 11 sanctions against Peer's original counsel, Richard Rosenbaum, Esq., who filed the initial complaint that started us off on this journey. [D.E. 118].  The Court has reviewed the entire record and the parties' submissions related to the Rule 11 motion for sanctions and finds that, from counsel's perspective at the time, counsel did not not pursue the case for an improper purpose nor knowingly pursue objectively frivolous claims.  As it turns out, of course, Peer's original claim was dismissed by the Court based upon Peer's default arising from his neverending failures to comply with the Court's rules and Orders.  And the jury's verdict clearly found that *Peer* pursued this case for an improper purpose.  Though the issue certainly presents a close question, the same cannot be said for Peer's counsel.

There is insufficient evidence in the record to find that counsel solely filed this action for extortion or any other improper purpose.  Moreover, at the time the complaint was filed counsel had some good faith basis to believe that the claim was not objectively frivolous.  Although his claim was based on a misunderstanding of fact and had little chance of success from the outset, Plaintiff's counsel advanced a tenable or plausible legal position, based on his client's belief, that was not completely and utterly baseless.

As the Eleventh Circuit sitting *en banc* reminded us in *Donaldson,* "Rule 11 [is not] intended to chill innovative theories and vigorous advocacy that bring about vital and positive changes in the law.  The rule should not be used to deter potentially controversial or unpopular suits.  It does not mean the end of doctrinal development, novel legal arguments, or cases of first impression."  819 F.2d at 1561.

Accordingly, the Court denies Lewis's Motion for Sanctions [D.E. 118] against Peer's counsel under Rule 11.

### B.     *Sanctions for Vexatious Litigation Under 28. U.S.C. § 1927*

Lewis also asserts that the Court should impose sanctions against Peer's original and substitute counsel pursuant to 28 U.S.C. § 1927.  Section 1927 provides, in pertinent part, that: "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

The plain statutory language of section 1927 makes clear that this section is not a "catch-all" provision for sanctioning objectionable conduct by counsel.  *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).  To justify an award of sanctions a court must find that three conditions apply: (1) an attorney must engage in unreasonable and vexatious conduct; (2) this conduct must multiply the proceedings; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct.  *Peterson*, 124 F.3d at 1396.

An attorney's conduct meets the first of these conditions "only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Hudson v. International Computer Negotiations, Inc.,* 499 F.3d 1252, 1262 (11th Cir. 2007) (quoting *Amlong & Amlong, P.A. v. Denny's Inc.*, 457, F.3d 1180, 1190 (11th Cir. 2006)). For an attorney's conduct to classify as egregious, the attorney must knowingly or recklessly pursue a frivolous claim. *Hudson*, 499 F.3d at 1262. Negligent conduct alone will not support a finding of bad faith under § 1927, and for sanctions to be appropriate something more than a lack of merit is required. *Id.*

"While an attorney's conduct must be tantamount to bad faith, 'for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct.'" *Id.* at 1262 (citing *Amlong & Amlong*, 457 F.3d at 1190). "What is crucial is whether, regardless of the attorney's subjective intentions, the conduct was unreasonable and vexatious when measured against an objective standard. *Id.* That is not to say the attorney's purpose or intent is irrelevant. Although the attorney's objective conduct is the focus of the analysis, the attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be 'unreasonabl[e] and vexatious[]' if it is done with a malicious purpose or intent." *Id.* (internal citations omitted).

For reasons similar to the ones discussed above in reference to the Rule 11 argument, and after careful consideration, the Court rejects the argument that sanctions are appropriate under 28 U.S.C. § 1927. Lewis contends that Plaintiff's

counsel engaged in unreasonable and vexatious conduct that multiplied the proceedings. However, when measured by an objective standard, the record fails to support a finding that the attorneys' conduct here was so egregious that it was tantamount to bad faith. The Court is unable to find evidence that any of Peer's lawyers knowingly and recklessly pursued a frivolous claim that alone multiplied the proceedings. That does not mean that we condone the pursuit of the litigation to the extent that it was. Counsel should have abandoned this claim long before the Court entered its Order striking Peer's claim for discovery violations. And indeed, the lawyer responsible for those violations has been sanctioned by the Court and a judgment entered against him. But, when one considers the case as a whole, the Court cannot find sufficient basis to personally sanction any of the lawyers in the case for Peer's malfeasance. The evidence in the case fully supported the jury's finding of abuse of process by Peer. But when it comes to Peer's lawyers, the evidence is there but still insufficient to find that they acted in knowing or reckless bad faith.

After all, they all ultimately abandoned the pursuit of this case at some point well before Peer's case was ultimately adjudicated. Counsel Rosenbaum sought to withdraw at a very early stage. [D.E. 16] Counsel Roderman and Zardus withdrew only three months after making their initial appearance. [D.E. 25, 115]. Counsel Greenbaum, who was not similarly inclined, was disqualified by the Court and personally sanctioned for his misfeasance in the case. In other words, to the extent that counsel should have been sanctioned in this case, that has been done. Lewis's arguments that counsel Rosenbaum, Roderman or Zardus should bear personal liability for the sins of their client are belied by the record.

Again, we do not necessarily find that counsel were completely free of fault. Counsel Rosenbaum, in hindsight, may have been well-advised to avoid this type of litigation for this type of client. Counsel Roderman and Zardus should likely have never appeared in this case. But again, to a great extent, we can say that now with the benefit of hindsight. To assess whether they should be sanctioned under section 1927, we have to look at the case from an objective perspective considering what they knew and when they knew it. The record thus does not support an order of sanctions against these lawyers, beyond the embarrassment resulting from their appearances and participation in the case at all.

In short, sanctions under § 1927 are not appropriate under those circumstances. At best this is a case of negligent conduct on the part of Peer's lawyers. But negligent conduct is not enough to trigger sanctions under § 1927. *See Amlong & Amlong P.A. v. Denny's, Inc.,* 500 F.3d 1230, 1241-42 (11th Cir. 2007) (amended and superseding prior opinion, 457 F.3d 1180). Instead, "an attorney's conduct must be particularly egregious to warrant the imposition of sanctions – the attorney must *knowingly or recklessly* pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim." *Id.* at 1242 (emphasis in original).

The Court cannot conclude that Peer's lawyers knowingly and recklessly filed or pursued a frivolous claim. Therefore, sanctions under § 1927 cannot be assessed. Lewis's motion for sanctions [D.E. 151] must be denied.

### C. _Sanctions Under Inherent Powers_

The pending motion for sanctions against Peer's lawyers is also based on the Court's inherent powers.  Federal courts have the inherent power to enter sanctions against parties or their counsel for abusive litigation practices.  _See Roadway Express, Inc. v. Piper_, 447 U.S. 752 (1980); _Kleiner v. First Nat.l Bank of Atlanta_, 751 F.2d 1193, 1209 (11th Cir. 1985); _In re Roger Novak_, 932 F.2d 1397, 1406 (11th Cir. 1991) (quoting _Link v. Wabash R.R._, 370 U.S. 626, 630-31 (1962), "'Inherent powers' describes 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'").  "Such powers are 'essential to the administration of justice.'" _In re Roger,_ 932 F.2d at 1406 (quoting _Young v. United States_, 481 U.S. 787, 795 (1987)).

The key to unlocking a court's inherent power is a finding of bad faith. _See In re Mroz_, 65 F.3d 1567, 1575 (11th Cir. 1995); _see also Chambers v. Nasco_, 501 U.S. 32, 45-46 (1991) (finding that when a party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons," the Court may exercise its inherent powers as a basis for rendering sanctions).  In particular,

> A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.

_Barnes v. Dalton_, 158 F.3d 1212, 1214 (11th Cir. 1998) (quoting _Primus Automotive Fin. Servs., Inc. v. Batarse_, 115 F.3d 644, 649 (9th Cir. 1997) (internal quotation and citation omitted)).  Moreover, sanctions resulting from such a finding may include

dismissal of the case, assessment of attorneys' fees and costs, monetary penalties payable to the Court and/or disqualification of counsel.  *See, e.g., Kleiner*, 751 F.2d at 1209.

However, courts considering the exercise of inherent powers, given its potency, must govern themselves "with restraint and discretion." *Roadway Express,* 447 U.S. at 764; *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1176 n.4 (11th Cir. 2005). "Recognition and application of such power is 'grounded first and foremost upon necessity.'" *In re Novak*, 932 F.2d at 1406 (quoting *U. S. v. Providence Journal Co.*, 485 U.S. 693, 701  (1988)); *see also Klein v. Stahl GMBH & Co. Maschinefabrik*, 185 F.3d 98, 109 (3rd Cir. 1999) ("A trial court should avail itself of its inherent sanctioning power only when absolutely necessary").  Accordingly, a court may only invoke its inherent power when essential to protect its ability to function.  *In re Novak*, 932 F.2d at 1406; *see, e.g., Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir. 2001).

The Court's previous analysis with respect to section 1927 also applies here.  The Court cannot find on this record that counsel acted in knowing bad faith.  The Court's ability to function has been adequately protected in this case by the Court's Order striking Peer's original claim, by the jury's verdict on the counterclaim, and by the Court's order (*infra*) on Lewis's request for reimbursement of his fees and expenses against Peer.  An Order against Peer's counsel under the Court's inherent powers is unnecessary and unwarranted.

Therefore, Lewis's motion for sanctions [D.E. 151] must also be denied to the extent it is based on the Court's inherent power.

## II.   *MOTION FOR FEES AND COSTS ON COUNTERCLAIM*

The final matter before the Court relates to Lewis's motion for reimbursement of attorneys' fees and costs that is based on Count II of Lewis's counterclaim [D.E. 245]. The Court's amended judgment specifically reserved jurisdiction over Count II under 15 U.S.C. § 1681n(c) as a post-trial fee matter to be addressed by the Court separate and apart from the jury's verdict. [D.E. 242].

The record reflects that, even though he was properly served with a copy of Lewis's motion, no response in opposition to the motion for fees was filed by Peer.  He filed post-trial submissions relating to the jury's verdict, yet has failed to oppose the entry of a fee award against him under this statute.  On that basis alone, the Court could grant the motion in its entirety under S.D. Fla. Local R. 7.1.

In an abundance of caution, however, and in the interests of justice, the Court has independently reviewed the motion for fees to determine if it should be granted and, if so, for what amount.

Section 1681n(c) provides that:

> Attorney's fees.  Upon a finding by the Court that an unsuccessful pleading, motion or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorneys' fees in relation to the work expended in responding to the pleading, motion or other paper.

Lewis's counterclaim specifically pled entitlement to fees under this statute in response to Peer's original complaint under title 15, section 1681 – the Fair Credit Reporting Act.  Thus the record fully supports the Court's finding that Peer is charged with record

notice of Lewis's claimed entitlement to fees in the event that Peer did not prevail on his complaint.

The record shows that Peer's original action was dismissed by the Court. As such, Lewis is clearly the prevailing party on the claim. This statute, however, does not automatically confer the prevailing party with a statutory right to obtain fees. The statute requires that the Court also find that the pleading or other paper filed in connection with that claim be filed in bad faith or for an improper purpose. The Court readily finds on this record that Peer is liable for fees under this statute.

Arguably, the jury's finding on the abuse of process claim constitutes a factual finding, protected by the Seventh Amendment, that Peer's original complaint was filed for an improper purpose. That finding would certainly support an award of fees under section 1681n(c). *Cf. Beacon Theaters, Inc. v. Westover,* 359 U.S. 500, 508-10 (1959) (court's equitable finding should not usurp jury's factfinding function over claims at law); *Hildebrand v. Steck Mfg. Co., Inc.,* 2008 WL 4185886, *2 (Fed. Cir. Sept. 8, 2008) (motion for fees for willful patent infringement properly denied following jury's finding in favor of defendant on willfulness issue).

To the extent that the Court must separately make such a finding, irrespective of the jury's verdict on an analogous state law tort claim, the Court expressly finds that the predicate for recovery of fees under the statute has been met on this record. The Court heard the testimony of Peer and Lewis at the trial on the abuse of process claim. The Court agrees that, based on the greater weight of the evidence, Peer filed this action for reasons unrelated to its merits, that he did so knowingly and/or recklessly,

and that Lewis suffered injury as a result.  The Court, therefore, finds that Peer engaged in bad faith in pursuing this claim.  The purpose of the litigation was primarily political.  Peer was encouraged to pursue the litigation to damage Lewis's chances of success in the mayoral primary.  And even if the original complaint had some tangible merit, Peer was placed on notice early on in the case that his factual theory behind the Fair Credit Reporting Act claim, Lewis's alleged misuse of Peer's credit report, was not in fact true.  Peer's testimony at trial on this important point was simply not credible.  The jury obviously found that to be the case, and so do we.

Therefore, the record fully supports Lewis's entitlement to fees and costs under section 1681n(c) starting from the date that Lewis first placed Peer on notice that Lewis did not obtain or misuse Peer's credit report, and relied instead on an entry in a computer database.

Having found that Lewis is statutorily entitled to an award of fees and costs, the Court must then turn to fixing the amount of reasonable fees and costs that should be awarded.  Lewis is seeking a total award of $354,973.86 based on $345,684.00 in fees and $9,289.86 in costs.[1]  Again, Peer has not filed any objection or opposition to the entry of this entire amount.  Peer defaulted under the Court's rules, thereby entitling Lewis to the full amount requested.  But in the interests of justice, and pursuant to the Court's obligation to award only reasonable fees under the statute, the Court has

---

[1]     Lewis's standing as a prevailing party on the original complaint also entitles Lewis to a recovery of taxable costs under 28 U.S.C. § 1920.  The recoverable costs available to Lewis under section 1681n(c) are more extensive than those under 1920.  Therefore, any generic award of costs under section 1920 will be subsumed within the broader cost award under section 1681n(c).

independently reviewed Lewis's extensive fee submission to determine how much of the total amount requested should be awarded.

### A.     *Calculation of Reasonable Attorneys' Fees*

In awarding attorneys' fees, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999).  Any fees awarded must be reasonable and fall within the guidelines the Eleventh Circuit has promulgated. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).  It is consequently within a court's ultimate discretion to adjust the fees to an amount it deems proper in accordance with those parameters.  *See, e.g., Columbus Mills, Inc. v. Freeland,* 918 F.2d 1575, 1580 (11th Cir. 1990) ("The *Norman* Court left to the discretion of the district court the decision of whether to prune excessive hours."); *Cullens v. Georgia Dept. Of Transp.,* 29 F.3d 1489, 1493 (11th Cir. 1994) ("We reemphasize that the district court has discretion in determining the amount of a fee award.  This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.") (quotation omitted).

The Eleventh Circuit has adopted the lodestar method for determining reasonable attorneys' fees.  The lodestar method consists of determining the reasonable hourly rate, and multiplying that number by the number of hours reasonably expended

by counsel.  *E.g., Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman,* 836 F.2d at 1299; *Harbaugh v. Greslin,* 365 F. Supp.2d 1274, 1279 (S.D. Fla. 2005).

## 1. *Reasonable Hourly Rates*

When calculating the lodestar amount, the Court first determines the reasonable hourly rate.  This Circuit defines the reasonable hourly rate to be the "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman,* 836 F.2d at 1299. Several well established factors may be considered in arriving at that prevailing market rate, as set forth in *Johnson v. Georgia Highway Express, Inc.*[2] The party who applies for attorneys' fees is responsible for submitting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate. *Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman,* 836 F.2d at 1299  (burden lies with fee applicant "of producing satisfactory evidence that the requested rate is in line with prevailing market rates [and] . . . satisfactory evidence

---

[2]     The 12 *Johnson* factors are as follows:
(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) the time limitations imposed by the client or circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and
(12) the awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-719 (5th Cir. 1974).

necessarily must speak to rates actually billed and paid in similar lawsuits.").  In the end, however, the Court is deemed an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1303).

The Court first turns to the issue of a reasonable hourly rate for Lewis's lawyer, Colleen O'Loughlin.  The Court has reviewed the documentation submitted by Ms. O'Loughlin to determine the prevailing market rate in this legal community for "similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.  Lewis seek fees based on an hourly rate of $275 for Ms. O'Loughlin.  She states that she is a sole practitioner who has practiced law for 13 years, specializing in civil litigation.  [D.E. 245 at 2].  In support of this requested hourly rate, Ms. O'Loughlin submitted the affidavit of William Amlong, Esq., who opined that in the Broward County local community the hourly rate for services similar to those performed by Ms. O'Loughlin in this case, for lawyers with comparable skill, experience, and reputation, was between $300 to $350.  [D.E. 245 Ex. D ¶6-9].  Thus he concluded that the requested rate in this case was quite reasonable.

The Court agrees.  Taking into account the relevant factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, the Court finds that an hourly rate of $275 is not excessive for the legal services that were required in this case.  Based on the Court's own knowledge and experience concerning reasonable and proper fees in civil

litigation in the relevant legal community, *see Loranger*, 10 F.3d at 781, a rate of $275 is reasonable and proper for a lawyer with 11-13 years experience (the range of years in which this case was litigated).

### 2. *Hours Reasonably Expended*

The second component of the lodestar method requires the Court to determine the number of hours reasonably expended by Ms. O'Loughlin that were incurred in the litigation arising under 15 U.S.C. § 1681. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Georgia,* 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). This means that the "district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Consequently, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id*. The burden is upon the applicant for fees to submit detailed documentation that will assist the court in determining the amount of fees to properly and reasonably award. *ACLU of Georgia,* 168 F.3d at 427. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. *Id*.

At the same time, the party opposing the fee application must satisfy his obligation to provide specific and reasonably precise objections concerning hours that

should be excluded.  *Id.* In the final analysis, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

Lewis seeks compensation for a total of 1,257 hours billed in this case.  His counsel has fully supported her fee request with specific time entries and a summary of each litigation activity included within this total.  Lewis's fee expert calculates that the reasonable amount of hours to award is actually 1,123.1 hours, reducing the lodestar figure to $308,852.50 for recoverable fees.  And, again, Peer never objected to any these calculations.

The Court could thus summarily award these amounts by default.  But we cannot ignore the fact that there is a significant problem with both of these calculations because they assume that Lewis is entitled to a fee award for the entire litigation.  That is not the case.  Lewis is not entitled to a fee award on the abuse of process counterclaim.  That counterclaim is based on a state law tort claim that does not carry with it a statutory entitlement to fees.  The trial in this case was entirely based on that tort claim, *not* on Peer's original federal claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681.  The statutory fee provision that singularly entitles Lewis to a fee recovery in this case against Peer (other than the sanction motions addressed above) is section 1681n(c), which allows recovery for only those fees incurred in the defense of a bad faith 1681 claim.  That particular claim was filed and pursued in bad faith by Peer, was ultimately unsuccessful, but was entirely and finally disposed of by the Court's Order striking Peer's claim, entered June 26, 2007 [D.E. 148].

In other words, by that date Peer's section 1681 claim concluded.  Any fees incurred by Lewis after that date, excluding those needed to calculate the pending motion for fees recoverable under section 1681, are not recoverable under this federal fee provision.  The fees incurred in pursuit of Lewis's abuse of process Counterclaim are not recoverable under this statute or any other.  Therefore, the pending fee application cannot be granted in toto based on the inclusion of a considerable amount of attorney hours incurred after June 26th.  Regrettably for Lewis, that means that all of the hours incurred in trial preparation and trial cannot be recovered.  But the fact remains that, in the absence of a specific statutory basis like section 1681n(c), the Court cannot simply shift the cost of litigation to a prevailing party, no matter how justified, under the American Rule that governs litigation in federal court.  *See, e.g., F.D. Rich Co., Inc. v. U. S. for Use of Indus. Lumber Co., Inc.,* 417 U.S. 116, 129 (1974) (the "American Rule" generally bars the shifting of attorney's fees in the absence of a statute or a contract since "each party should bear the costs of its own legal representation.").

The amount of hours included in this fee application are too great in number for the Court to calculate on its own what the reduced amount of recoverable hours are.  Similarly, the costs requested must also be adjusted for similar reasons.  Therefore, the Court will require the fee applicant to make this adjustment in the first instance for the Court to then approve.  The supplemental fee application can, of course, reserve the right to object to this aspect of the Court's ruling limiting the amount of fees recovered.  But it should nevertheless provide the Court with the breakdown of hours that includes

all hours that can be tied to only work in defense of the section 1681 claim.[3]  The Court adds that this includes recovery of fees incurred in the preparation of the fee applications, but again limited to the time that can be tied to the section 1681 claim. Finally, the supplemental fee application should also expressly include, not just incorporate, any hours referenced in any prior fee application related to a motion for sanctions, unless those hours have already been compensated in accordance with the Court's orders.  Lewis may be entitled to recovery of such hours, even if not awarded by the Court on a motion for sanctions, if they can be tied to the overall defense of the section 1681 claim.

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED**:

1.      Lewis's Motion for Sanctions [D.E. 118] is **DENIED**.

2.      Lewis's Motion for Sanctions Against Plaintiff's Former Counsel [D.E. 151] is **DENIED**.

3.      Lewis's Motion for Attorney Fees and Costs [D.E. 245] is **GRANTED IN PART AND DENIED IN PART**.  The Court will enter a fee judgment in favor of Lewis and against Counter-plaintiff Christopher Peer for recoverable attorneys' fees under 15 U.S.C. § 1681n(c), but only after approving a supplemental fee application that complies with this Order.

---

[3]      A supplemental expert affidavit to support the hours requested is not necessary as the Court can take the existing affidavit in consideration on review of the supplemental fee application.

**DONE AND ORDERED** in Chambers at Miami, Florida this 14th day of

January, 2009.

EDWIN G. TORRES
United States Magistrate Judge