UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-60146-Civ-TORRES

CHRISTOPHER JAMES PEER,
Plaintiff/Counter-defendant,

v.

DANIEL WARFIELD LEWIS,
Defendant/Counter-plaintiff.

_____/

## MOTION FOR AN EVIDENTIARY
## HEARING TO CONSIDER ISSUES PRESENTED
## BY ELEVENTH CIRCUIT'S ORDER OF REMAND

Christopher Peer's former attorney Richard Rosenbaum, by and through undersigned counsel, respectfully requests that this Court grant counsel an evidentiary hearing to consider issues unresolved by the decision of the Eleventh Circuit Court of Appeals in *Peer v. Lewis*, 606 F.3d 1306 (11th Cir. 2010). In support of this motion, counsel would show as follows:

### FACTS

On January 14, 2009, this Court denied Daniel Lewis's motion for sanctions against Attorney Richard Rosenbaum. (DE 259). That decision was subsequently overturned in part by the Eleventh Circuit Court of Appeals. The Eleventh Circuit found that Mr. Rosenbaum acted in bad faith when he filed the Federal Credit Reporting Act (hereinafter referred to as "FCRA") complaint against Mr. Lewis

and remanded the case to this Court to determine whether to impose sanctions against Mr. Rosenbaum. In making that determination, the Eleventh Circuit directed that this Court begin with the Eleventh Circuit's finding that "Rosenbaum acted in bad faith when he knowingly filed a frivolous complaint." *Id.* at 1316.

In making its findings, the Eleventh Circuit was not aware of all of the facts pertaining to Mr. Rosenbaum's decision to file the federal law suit. As a result, the Eleventh Circuit had a distorted picture of the events that transpired in this case. At an evidentiary hearing, counsel for Mr. Rosenbaum will establish the following:

On January 17, 2006, Mr. Lewis filed an emergency complaint in Circuit Court in Broward County against Christopher James Peer seeking Mr. Peer's disqualification from running for Mayor of Fort Lauderdale on the grounds that he had not satisfied the residency requirement. For support, Mr. Lewis contended that "an October 15, 2005 credit report by TransUnion, one of the three major credit bureaus, reported the Defendant's current address is '18 Charter Drive, Wilmingon, North Carolina 28403.'" Complaint ¶19.

On January 31, 2006, Mr. Rosenbaum was retained to represent Mr. Peer. Mr. Rosenbaum filed a motion to dismiss the Lewis complaint on the grounds that it had not been properly served. A hearing was held on that motion on Wednesday February 1, 2006 before the Honorable Miette Bernstein. Judge Bernstein granted Mr. Peer's motion to dismiss without prejudice.

That same day, Rosenbaum met with Christopher Peer, Judy Stern, and Charles Malkus (who were assisting Peer in his campaign) to discuss how Lewis might have obtained access to Peer's TransUnion Credit Report. (See Declaration of Richard Rosenbaum, Exhibit 1, ¶6).

The next day, Thursday, February 2, 2006, the Sun Sentinel published an article in which it reported that Rosenbaum was "pursuing a federal lawsuit against Lewis, claiming he broke the law by disclosing in his lawsuit information—an address—from Peer's credit report." Significant for the purposes of this hearing was the next paragraph in which it was reported that:

> Lewis said he has never seen that credit report and was only told about it by someone he refused to identify.

*Hearing delayed on suit challenging mayoral run*, New Sun-Sentinel, February 2, 2006. (See Article, Exhibit 2).

On February 2, 2006, Lewis amended his Complaint to remove the allegation concerning the credit report.

That evening (7:46 p.m.) Richard Rosenbaum sent an email to Charles Malkus, asking whether Peer was "ever able to ascertain how Lewis got the credit report." (See Email, Exhibit A; Malkus Declaration, Exhibit 4 ¶7).

A few minutes later (7:49 p.m.) Rosenbaum received an email from Judy Stern, in which she reported a conversation she had with Buddy Nevins (editor with the Sun-Sentinel). In this email Ms. Stern states:

> Buddy Nevins personally told me yesterday that Dan
> made the statement that a private investigator got him the
> credit report, and Buddy couldn't understand what
> difference did that make since Dan personally used it.

(Exhibit 3)

She asked Charles Malkus (who she referred to as Chuck) to check out what

Nevins had told her. (See Email, Exhibit C - Rosenbaum Declaration, Exhibit 1;

Email, Exhibit A – Malkus Declaration, Exhibit 4 ¶7; Email, Exhibit A - Stern

Declaration, Exhibit 5 ¶6; and Email Exhibit C – Cruz Declaration, Exhibit 7 ¶7).

On Friday, February 3, 2006, Attorney Rosenbaum filed the FCRA

complaint against Daniel Lewis in federal court.

On Tuesday February 7, 2006, another hearing was held in the state election

law suit. Again Lewis's complaint was dismissed. Following the hearing there was

a heated discussion in the hallway concerning the federal law suit. Mr. Rosenbaum

recalls hearing someone say something about Westlaw or Lexis. (See Rosenbaum

Declaration, Exhibit 1, ¶13; see also Peer Declaration, Exhibit 6, ¶3).

## ARGUMENT

**A. The Evidence Will Show That at the Time Attorney Richard Rosenbaum Filed the Federal Law Suit There Was Reason to Believe that Daniel Lewis Had Obtained Peer's Credit Report From a Private Investigator**

In an affidavit filed by attorney Robert Malove, Mr. Malove asserts that the

discussion concerning the source for the allegation contained in Paragraph 19

occurred after the first state hearing, Wednesday, February 1, 2006, which was two

4

days before Mr. Rosenbaum filed the federal complaint on Friday, February 3 2006. Both Mr. Rosenbaum and Mr. Peer have provided Declarations herein and are prepared to testify that this conversation did not occur until after the second hearing, four days *after* the federal complaint was filed.

Mr. Rosenbaum and Mr. Peer's recollection of the timing of this event is corroborated by the emails generated on the evening of February 2, 2006 the day before Rosenbaum filed the federal suit. These emails demonstrate that Mr. Rosenbaum had reason to believe that Mr. Lewis obtained Mr. Peer's credit report through the assistance of an investigator. More importantly, these emails are powerful evidence that Mr. Malove's recollection of when he disclosed the true source of his information occurred after and not before the federal suit was filed.

It defies logic and common sense to believe that Mr. Rosenbaum, Ms. Stern, Mr. Malkus, and Mr. Peer would persist in trying to uncover the true source for Lewis's allegations if Attorney Malove had already disclosed that information to Mr. Rosenbaum. Nor does it make any sense for Lewis to refuse to reveal the source of the information to the press if in fact his attorney—in his presence—had already disclosed this information to opposing counsel.

In holding that Rosenbaum acted in bad faith, the Eleventh Circuit found that:

> Neither the *Miami Herald* nor the *Sun-Sentinel Digest* newspaper article relied upon by Rosenbaum to justify

> his filing the FCRA claim (1) states that Lewis obtained
> Peer's credit report, (2) states that Lewis was concealing
> the identity of an individual who did obtain the report, or
> (3) was published before Peer filed his complaint in
> federal court. (Def.'s Notice of Filing Exs. in Supp. of
> Def.'s Mot. for Sanctions, docket no. 22, Exs. 8 & 9.)

606 F.3d at 1312.

As this Court will see when it examines Exhibits 8 and 9 attached to Docket

Entry 22, cited above, these were newspaper articles cited by Lewis which were

filed after the federal complaint was filed. Neither document was the newspaper

article relied upon by Mr. Rosenbaum which was published on February 2, 2006,

the day before the federal suit was filed and which says precisely what Mr.

Rosenbaum claimed.

The Eleventh Circuit's also found that:

> Rosenbaum's claim of "suspicious" activity on Peer's
> credit report was unsubstantiated speculation.

*Id.* In view of the email from Judy Stern describing what Buddy Nevins told her

concerning his conversation with Mr. Lewis, a document the Eleventh Circuit was

not aware of, Mr. Rosenbaum's speculation was well founded. Not only did Lewis

tell Nevins that he got his information from an investigator, Lewis apparently

believed that having obtained this information indirectly, he was somehow immune

from any legal liability. As reflected in Ms. Stern's email, Mr. Nevins could not

understand Lewis's logic.

In view of the above, it is clear that the findings made by the Eleventh

Circuit were based upon an incomplete record. This record led the Eleventh Circuit

to conclude that the only facts known to Richard Rosenbaum before he filed the

federal complaint were:

> (1) on February 1, 2006, Lewis' counsel told Rosenbaum
> that ¶ 19 in the state court complaint was inaccurate
> because Peer's address was obtained from a Westlaw
> People Finder report, and not Peer's credit report; (2) on
> February 1, 2006, Lewis amended his state court
> complaint to delete ¶ 19's reference to any credit report
> and served Peer with this amended complaint; (3) on
> February 2, 2006, Peer obtained a copy of his credit
> report and faxed this report to Rosenbaum; (4) Peer's
> credit report showed that Lewis never accessed it; and (5)
> Peer, the client, testified that on February 1 or February
> 2, 2006, he met with Rosenbaum to discuss Lewis'
> amended state court complaint and whether to bring an
> FCRA claim in federal court. Peer's claim against Lewis
> was filed by Rosenbaum on February 3, 2006.

*Id.*

At an evidentiary hearing we can establish that first finding is erroneous and

that other evidence not then before the Eleventh Circuit established that Richard

Rosenbaum had a good faith basis to believe that Daniel Lewis had obtained

information concerning Peer's credit report though a private investigator.

**B. Based Upon the Evidence to be Presented at an Evidentiary Hearing this Court Can Find That There is No Reason to Impose Sanctions on Richard Rosenbaum and Suggest to the Eleventh Circuit that the Record Before the Court on the Appeal was Incomplete and Request that the Court Reconsider its Finding that Richard Rosenbaum Acted in Bad Faith**

The Eleventh Circuit has given this Court a free hand to determine whether a sanction is even necessary in this case.

> In deference to the district court's discretion, we will remand this case to the district court to determine whether to impose sanctions on Rosenbaum and, if so, the extent of those sanctions.

*Id.* at 1316. We believe that based upon a full consideration of all of the facts, in particular testimony from various individuals who were involved in the proceedings in question, this Court will find, as it did previously, that no sanctions are warranted.

Although the Eleventh Circuit found that Mr. Rosenbaum filed the federal lawsuit in bad faith, we ask that this Court request that the Eleventh Circuit revisit this holding. Mr. Lewis has filed a complaint with the Florida Bar based upon the Eleventh Circuit's determination of bad faith. Mr. Rosenbaum's career is now in jeopardy as a result of a finding by the appellate court based upon an incomplete record before the lower court. If this were a criminal case and a habeas proceeding had been filed following an affirmance by the Eleventh Circuit which upheld a

conviction upon a finding of overwhelming evidence of guilt, the argument before this Court would be in the nature of a claim of actual innocence. *Schlip v. Delo*, 513 U.S. 298 (1995); *Mancill v. Hall*, 545 F.3d 935 (11th Cir. 2008). In such circumstances, this Court would not be bound by a previous finding of the appellate court on sufficiency of evidence. There is no more justice in penalizing a lawyer who is not guilty of filing a lawsuit in bad faith then there is in punishing an innocent person for a crime he did not commit.

Moreover, it is clear that the Eleventh Circuit's findings were based upon its review of the facts known to this Court when it denied Mr. Lewis's motion.

> [C]ontrary to its earlier findings, [the District Court must start] with our finding that Rosenbaum acted in bad faith when he knowingly filed a frivolous complaint

*Id.* Thus the Eleventh Circuit's decision was based upon the assumption that the only relevant facts were the facts then before the Court. But as a result of this motion, that is no longer the case. That this Court must begin with the presumption that Mr. Rosenbaum acted in bad faith, does not mean that this presumption cannot be overcome with clear and convincing evidence to the contrary. *See, e.g. Owen v. Sec. for the Dept. of Corrections*, 568 F.3d 894 (11th Cir. 2009) [Petitioner has burden of rebutting presumption by clear and convincing evidence].

Wherefore, Richard Rosenbaum, respectfully requests that this Court set this matter for an evidentiary hearing to consider further evidence concerning his decision to file suit against Daniel Lewis.

Respectfully submitted,

Jon May, Esq.
1001 Brickell Bay Drive
Suite 2206
Miami, FL 33131
305.373.3740 office
786.228.0246 fax
crimlawfed@bellsouth.net

By: *s/ Jon May*
    JON MAY, ESQ.
    Fla. Bar #276571

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with counsel for Daniel Warfield Lewis, Colleen Kathryn O'Loughlin, in a good faith effort to resolve the issues, and counsel objects to the motion.

By: *s/ Jon May*
    JON MAY, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 26, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered for CM/ECF.

By: <u>*s/ Jon May*</u><br>
JON MAY, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  06-60146-CIV-TORRES

CHRISTOPHER PEER,

        Plaintiff,

vs.

DANIEL WARFIELD LEWIS,

        Defendant.

_____/

## DECLARATION[1] OF RICHARD L. ROSENBAUM

    The Declarant, Richard L. Rosenbaum, and states under oath as follows:

1.    The Declarant in this matter is Richard L. Rosenbaum, Esquire.

2.    Richard L. Rosenbaum is a member of The Florida Bar in good standing.

3.    Richard L. Rosenbaum became involved in the *Lewis v. Peer* state court election case on 1/31/06.

4.    Richard L. Rosenbaum reviewed the Complaint filed by Daniel Lewis and noted that paragraph 19 of the Complaint stated:

    19.  What is more, an October 15, 2005 credit report by TransUnion, on the three major credit bureaus, reported the Defendant's current address is "18 Charter Drive, Wilmington, North Carolina 28403."

5.    Richard L. Rosenbaum drafted a Motion to Dismiss the election case and filed the same on 2/6/06.

---

[1] This Declaration is filed pursuant to Title 28, U.S.C. Section 1746 and satisfies the requirements of a supporting affidavit.

1

**EXHIBIT**

9409521.1

6.  On 2/1/06, Richard L. Rosenbaum had discussions with Christopher Peer, Judith Stern and Charles Malkus concerning paragraph 19 of Daniel Lewis' Complaint and how Daniel Lewis might have obtained access to Christopher Peer's TransUnion Credit Report.

7.  Richard L. Rosenbaum forwarded a draft of the FCRA Complaint to Stephen Zukoff, Esquire who, in return, asked a friend and lawyer, Arthur Morburger, to review the proposed Complaint.

8.  Stephen Zukoff emailed Richard L. Rosenbaum that he and Mr. Mohrenberger believed the Complaint was in good order and should be filed.  See emails attached hereto as Exhibits "A" and "B".

9.  On 2/2/06 Richard L. Rosenbaum received an email from Judith Stern which stated:

```
-----Original Message-----
From: Judy Stern [mailto:jstern@sterncnslt.com]
Sent: Thursday, February 02, 2006 7:46 PM
To: Richard Rosenbaum; Chuck Malkus; a097737c@Allstate.com
Cc: Judith Stern; Marie L. Cruz
Subject: Re: federal lawsuit

Chuck:  Please check this out.  Buddy Nevins personally told me
yesterday that Dan made the statement that a private investigator
got him the credit report, and Buddy couldn't understand what
difference did that make since Dan personally used it -----
Original Message-----
From: Rlrappeal@aol.com
Date: Thu, 2 Feb 2006 19:46:25
To:cmalkus@malkus.com, a097737c@Allstate.com
Cc:jstern@sterncnslt.com, mcruz@rrosenbaumlaw.com
Subject: federal lawsuit


The suit is ready.  Was Chris ever able to ascertain how Lewis
got the credit report ?

I'll shoot you over the latest draft within the hour.  One of my
secretaries is making my most recent changes now.

Richard L. Rosenbaum
350 E. Las Olas Blvd., #1700
Ft. Lauderdale, FL 33301
```

2

```
(954)522-7007
(954)522-7003 (fax)
        RLRappeal@aol.com
```

10.   Richard L. Rosenbaum had good cause to believe the contents of the email were true.

11.   Additionally, Richard L. Rosenbaum reviewed a newspaper article printed in the Sun Sentinel on 2/2/06 similarly indicating that Daniel Lewis had surreptitiously obtained Christopher Peer's TransUnion Credit Report from an undisclosed investigator/individual.

12.   Richard L. Rosenbaum researched the law and filed the FCRA suit on the afternoon of Friday, 2/3/06.

13.   On 2/7/06, another hearing was held in the state court election suit.  Following the hearing[2], which resulted in dismissal of Daniel Lewis' claims, there was a heated discussion in the hallway concerning the federal lawsuit.  Richard L. Rosenbaum does not ever recall Mr. Malove, Mr. Malove's clerk, or Daniel Lewis advising Richard L. Rosenbaum or Daniel Lewis that the information concerning Christopher Peer's address was obtained from Lexis Nexis Historic People Finder.  Richard L. Rosenbaum recalls some statement concerning Westlaw or Lexis.

14.   When Daniel Lewis filed his Amended Complaint in state court he omitted paragraph 19 in its entirety.  Richard L. Rosenbaum assumed that the omission was a tactic admission that such information should not have been included in a public complaint.

---

[2] Undersigned remembers this occurring after the second hearing on 2/7/06, not the first of 2/3/06.

15. Although neither Richard L. Rosenbaum nor Daniel Lewis had a "smoking gun" placing Christopher Peer's credit report in Daniel Lewis' hands other than paragraph 19, a credit inquiry from Direct TV aligned with the time period within which Daniel Lewis was believed to have had access to the confidential credit report.

16. Daniel Lewis told reporters and others that he had obtained Christopher Peer's confidential information through an undisclosed investigator or individual.  See email from Judith Stern (Exhibit "C") and Sun Sentinel newspaper article dated 2/2/06 (Exhibit "D").

17. Based upon health and other reasons, Richard L. Rosenbaum moved to withdraw as counsel for Christopher Peer on 6/19/06.


FURTHER DECLARANT SAYETH NOT


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

RICHARD L. ROSENBAUM

4

**Cruz, Marie**

| | |
|---|---|
| **From:** | ZukoffLaw@aol.com |
| **Sent:** | Friday, February 03, 2006 10:21 AM |
| **To:** | Marie L. Cruz |
| **Subject:** | Re: PEER: Complaint - Federal Court (FINAL) |

it looks ok to me, but i want to wait till arthur has a llok see. he should be here soon....steve



1/21/2011

**Cruz, Marie**

| | |
|---|---|
| **From:** | ZukoffLaw@aol.com |
| **Sent:** | Friday, February 03, 2006 11:27 AM |
| **To:** | Marie L. Cruz |
| **Subject:** | Re: PEER: Complaint - Federal Court (FINAL) |

# AJM approves and likes it!



| | |
|---|---|
| **Subj:** | **Re: federal lawsuit** |
| **Date:** | 2/2/2006 7:49:00 P.M. Eastern Standard Time |
| **From:** | jstern@sterncnslt.com |
| **To:** | RLRappeal@aol.com, cmalkus@malkus.com, a097737c@Allstate.com |
| **CC:** | jstern@sterncnslt.com, mcruz@rrosenbaumlaw.com |

Chuck: Please check this out. Buddy Nevins personally told me yesterday that Dan made the statement that a private investigator got him the credit report, and Buddy couldn't understand what difference did that make since Dan personally used it
-----Original Message-----
From: Rlrappeal@aol.com
Date: Thu, 2 Feb 2006 19:46:25
To:cmalkus@malkus.com, a097737c@Allstate.com
Cc:jstern@sterncnslt.com, mcruz@rrosenbaumlaw.com
Subject: federal lawsuit


The suit is ready. Was Chris ever able to ascertain how Lewis got the credit report ?

I'll shoot you over the latest draft within the hour. One of my secretaries is making my most recent changes now.

Richard L. Rosenbaum
350 E. Las Olas Blvd., #1700
Ft. Lauderdale, FL 33301
(954)522-7007
(954)522-7003 (fax)
RLRappeal@aol.com

Thursday, February 02, 2006 America Online: Rlrappeal

**EXHIBIT**

*2-2-06 Sun Sentinel*

# Hearing delayed on suit challenging mayoral run

## Primary election in Fort Lauderdale campaign hangs in the balance.

BY BRITTANY WALLMAN
STAFF WRITER

FORT LAUDERALE • Christopher Peer is still running for mayor, having deflected a legal challenge to his candidacy, at least for now.

Peer, a 35-year-old financial consultant, is defending his right to run for mayor against a lawsuit filed by opponent Dan Lewis. The two are challenging Mayor Jim Naugle in the scheduled Feb. 14 primary election.

Lewis' lawsuit contends Peer does not meet the city's six-month residency requirement because Peer was registered to vote under an Ocala address until January, and had his driver's license registered in Ocala as well.

If Lewis' lawsuit is successful, there will be no primary election and the contest will go straight to the March 14 general election ballot.

Broward Circuit Judge Miette Burnstein delayed the hearing on the lawsuit Wednesday because Peer had not been properly served with the lawsuit paperwork. Peer was present at the hearing.

The case will be heard after Peer is properly served, Burnstein said.

Peer argues he has lived in Fort Lauderdale for six years and just didn't get around until recently to transferring his voter registration and driver's license to Broward County.

Supporting Peer on Wednesday was local public relations consultant Chuck Malkus, who said he met Peer through Junior Achievement of South Florida. Malkus said he called in criminal defense attorney Richard Rosenbaum, who represented Lionel Tate.

Lewis says Naugle put Peer in the race to force a primary, adding that Naugle benefits by giving challengers less time to campaign. If a candidate gets more than half the primary votes, the mayoral election will be over and there will be no March 14 general election.

Naugle denied any connection to Peer.

"What's his proof?" Naugle asked, referring to Lewis. "He just goes around making these charges. . . . Is he also blaming me for Hurricane Wilma?"

Peer has not appeared at candidate forums and declined to say who talked him into running.

Until Wednesday, he said he didn't want to discuss his views on issues and had no platform. On Wednesday, Malkus pulled a typed statement from his suit pocket titled "Christopher Peer's Platform." It listed his top issues as public safety, hurricane preparedness, streetlight synchronization and beach erosion.

Rosenbaum and Malkus said they're pursuing a federal lawsuit against Lewis, claiming he broke the law by disclosing in his lawsuit information — an address — from Peer's credit report.

Lewis said he has never seen that credit report and was only told about it by someone he refused to identify.

*Brittany Wallman can be reached at bwallman@sun-sentinel.com or 954-356-4541.*



EXHIBIT
D

2-2-06 Sun Sentinel

# Hearing delayed on suit challenging mayoral run

**Primary election
in Fort Lauderdale
campaign hangs
in the balance.**

BY BRITTANY WALLMAN
STAFF WRITER

FORT LAUDERALE • Christopher Peer is still running for mayor, having deflected a legal challenge to his candidacy, at least for now.

Peer, a 35-year-old financial consultant, is defending his right to run for mayor against a lawsuit filed by opponent Dan Lewis. The two are challenging Mayor Jim Naugle in the scheduled Feb. 14 primary election.

Lewis' lawsuit contends Peer does not meet the city's six-month residency requirement because Peer was registered to vote under an Ocala address until January, and had his driver's license registered in Ocala as well.

If Lewis' lawsuit is successful, there will be no primary election and the contest will go straight to the March 14 general election ballot.

Broward Circuit Judge Miette Burnstein delayed the hearing on the lawsuit Wednesday because Peer had not been properly served with the lawsuit paperwork. Peer was present at the hearing.

The case will be heard after Peer is properly served, Burnstein said.

Peer argues he has lived in Fort Lauderdale for six years and just didn't get around until recently to transferring his voter registration and driver's license to Broward County.

Supporting Peer on Wednesday was local public relations consultant Chuck Malkus, who said he met Peer through Junior Achievement of South Florida. Malkus said he called in criminal defense attorney Richard Rosenbaum, who represented Lionel Tate.

Lewis says Naugle put Peer in the race to force a primary, adding that Naugle benefits by giving challengers less time to campaign. If a candidate gets more than half the primary votes, the mayoral election will be over and there will be no March 14 general election.

Naugle denied any connection to Peer.

"What's his proof?" Naugle asked, referring to Lewis. "He just goes around making these charges. . . . Is he also blaming me for Hurricane Wilma?"

Peer has not appeared at candidate forums and declined to say who talked him into running.

Until Wednesday, he said he didn't want to discuss his views on issues and had no platform. On Wednesday, Malkus pulled a typed statement from his suit pocket titled "Christopher Peer's Platform." It listed his top issues as public safety, hurricane preparedness, streetlight synchronization and beach erosion.

Rosenbaum and Malkus said they're pursuing a federal lawsuit against Lewis, claiming he broke the law by disclosing in his lawsuit information — an address — from Peer's credit report.

Lewis said he has never seen that credit report and was only told about it by someone he refused to identify.

*Brittany Wallman can be reached at bwallman@sun-sentinel.com or 954-356-4541.*

EXHIBIT

2

| | |
|---|---|
| Subj: | Re: federal lawsuit |
| Date: | 2/2/2006 7:49:00 P.M. Eastern Standard Time |
| From: | jstern@sterncnslt.com |
| To: | RLRappeal@aol.com, cmalkus@malkus.com, a097737c@Allstate.com |
| CC: | jstern@sterncnslt.com, mcruz@rrosenbaumlaw.com |

Chuck:  Please check this out.  Buddy Nevins personally told me yesterday that Dan made the statement that a
private investigator got him the credit report, and Buddy couldn't understand what difference did that make since
Dan personally used it
——Original Message——
From: Rlrappeal@aol.com
Date: Thu, 2 Feb 2006 19:46:25
To:cmalkus@malkus.com, a097737c@Allstate.com
Cc:jstern@sterncnslt.com, mcruz@rrosenbaumlaw.com
Subject: federal lawsuit


The suit is ready.  Was Chris ever able to ascertain how Lewis got the credit report ?

I'll shoot you over the latest draft within the hour.  One of my secretaries is making my most recent changes now.

Richard L. Rosenbaum
350 E. Las Olas Blvd., #1700
Ft. Lauderdale, FL 33301
(954)522-7007
(954)522-7003 (fax)
RLRappeal@aol.com

Thursday, February 02, 2006 America Online: Rlrappeal

EXHIBIT

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-60146-CIV-TORRES

CHRISTOPHER PEER,

        Plaintiff,

vs.

DANIEL WARFIELD LEWIS,

        Defendant.

_____/

### DECLARATION[1] OF CHARLES MALKUS

The Declarant, Charles Malkus, and states under oath as follows:

1.    I am the Declarant, Charles Malkus.

2.    I have personal knowledge of some of the facts and circumstances surrounding this lawsuit.

3.    Based upon information and belief, Christopher Peer requested that the Law Offices of Richard L. Rosenbaum file an FCRA case against Daniel Lewis.

4.    Christopher Peer and Richard L. Rosenbaum believed, based upon Daniel Lewis' own pleadings, that a FCRA violation occurred based upon paragraph 19, which stated:

> 19.  What is more, an October 15, 2005 credit report by TransUnion, on the three major credit bureaus, reported the Defendant's current address is "18 Charter Drive, Wilmington, North Carolina 28403."

---

[1] This Declaration is filed pursuant to Title 28, U.S.C. Section 1746 and satisfies the requirements of a supporting affidavit.

1

EXHIBIT
tabbies
4

5.    I was involved in Christopher Peer's campaign for Mayor in 2006.  A copy of the email is attached hereto as Exhibit "A".

6.    I knew a $1000 federal lawsuit was planned based upon paragraph 19, listed above.

7.    I was the recipient of an email from Judith Stern dated 2/2/06.

FURTHER DECLARANT SAYETH NOT

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_Charles Malkus_

CHARLES MALKUS

01 / 24 / 11

2

| | |
|---|---|
| **Subj:** | **Re: federal lawsuit** |
| **Date:** | 2/2/2006 7:49:00 P.M. Eastern Standard Time |
| **From:** | jstern@sterncnslt.com |
| **To:** | RLRappeal@aol.com, cmalkus@malkus.com, a097737c@Allstate.com |
| **CC:** | jstern@sterncnslt.com, mcruz@rrosenbaumlaw.com |

Chuck:  Please check this out.  Buddy Nevins personally told me yesterday that Dan made the statement that a private investigator got him the credit report, and Buddy couldn't understand what difference did that make since Dan personally used it

——Original Message——
From: Rlrappeal@aol.com
Date: Thu, 2 Feb 2006 19:46:25
To:cmalkus@malkus.com, a097737c@Allstate.com
Cc:jstern@sterncnslt.com, mcruz@rrosenbaumlaw.com
Subject: federal lawsuit


The suit is ready.  Was Chris ever able to ascertain how Lewis got the credit report ?

I'll shoot you over the latest draft within the hour.  One of my secretaries is making my most recent changes now.

Richard L. Rosenbaum
350 E. Las Olas Blvd., #1700
Ft. Lauderdale, FL 33301
(954)522-7007
(954)522-7003 (fax)
RLRappeal@aol.com

Thursday, February 02, 2006 America Online: Rlrappeal

**EXHIBIT**

"A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-60146-CIV-TORRES

CHRISTOPHER PEER,

       Plaintiff,

vs.

DANIEL WARFIELD LEWIS,

       Defendant.

_____/

## DECLARATION[1] OF JUDITH STERN

The Declarant, Judith Stern, and states under oath as follows:

1.     I am the Declarant, Judith Stern, and principle of J. Stern Consulting, Inc.

2.     I have personal knowledge of some of the facts and circumstances surrounding this case.

3.     I had extremely limited involvement in the state case [election] proceedings and/or federal proceedings.

4.     After Daniel Lewis unsuccessfully attempted to have Christopher Peer dismissed from the mayoral ballot, a second round of litigation was scheduled.

5.     I have no independent recollection as to what specific events occurred, or when.

6.     I have seen a copy of the 2/2/06 email and recognize it. I sent it to the listed recipients. A copy is attached as Exhibit "A".

7.     The facts contained in the 2/2/06 email are true and correct.

_____

[1] This Declaration is filed pursuant to Title 28, U.S.C. Section 1746 and satisfies the requirements of a supporting affidavit.

**EXHIBIT**

5

8.   Christopher Peer's "advisors" had good cause, in my opinion, to question whether Daniel Lewis violated Christopher Peer's rights by revealing confidential information from Christopher Peer's Trans Union credit report.

FURTHER DECLARANT SAYETH NOT

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____
JUDITH STERN

2

Subj:     **Re: federal lawsuit**
Date:     2/2/2006 7:49:00 P.M. Eastern Standard Time
From:     jstern@sterncnslt.com
To:       RLRappeal@aol.com, cmalkus@malkus.com, a097737c@Allstate.com
CC:       jstern@sterncnslt.com, mcruz@rrosenbaumlaw.com

Chuck: Please check this out.  Buddy Nevins personally told me yesterday that Dan made the statement that a private investigator got him the credit report, and Buddy couldn't understand what difference did that make since Dan personally used it
-----Original Message-----
From: Rlrappeal@aol.com
Date: Thu, 2 Feb 2006 19:46:25
To:cmalkus@malkus.com, a097737c@Allstate.com
Cc:jstern@sterncnslt.com, mcruz@rrosenbaumlaw.com
Subject: federal lawsuit


The suit is ready.  Was Chris ever able to ascertain how Lewis got the credit report ?

I'll shoot you over the latest draft within the hour.  One of my secretaries is making my most recent changes now.

Richard L. Rosenbaum
350 E. Las Olas Blvd., #1700
Ft. Lauderdale, FL 33301
(954)522-7007
(954)522-7003 (fax)
RLRappeal@aol.com

EXHIBIT

tabbies "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-60146-CIV-TORRES

CHRISTOPHER PEER,

        Plaintiff,

vs.

DANIEL WARFIELD LEWIS,

        Defendant.

_____/

## DECLARATION[1] OF CHRISTOPHER JAMES PEER

The Declarant, Christopher James Peer, states under oath as follows:

1.    I was the Defendant in a civil lawsuit filed by Daniel Lewis in the Circuit Court of the 17th Judicial Circuit in and for Broward County, FL in Case No: 06-000599 (21).

2.    In that capacity I attended a hearing on February 3, 2006 before the Honorable Miette Burnstein.  The purpose of that hearing was to argue my Motion to Dismiss the Lewis complaint for failure to perfect service of process.

3.    On February 7, 2006, I attended a hearing before the Honorable Miette Burnstein.  The purpose of this hearing was to consider a Motion to Dismiss Lewis' Amended Complaint on the grounds that it failed to join an indispensible party.  After the hearing was concluded I overheard Mr. Malove's law clerk shout in the direction something to the effect "we got it from Lexis-Nexis."

---

[1] This Declaration is filed pursuant to Title 28, U.S.C. Section 1746 and satisfies the requirements of a supporting affidavit.

1

EXHIBIT

6

4.  At the conclusion of the hearing I was a party to a conversation between myself, Richard Rosenbaum, Robert Malove and Daniel Lewis. At no time do I recall Mr. Lewis or Mr. Malove stating that information in the emergency complaint was obtained from a Westlaw People Finder Historic Tracker Record.

5.  In July, 2006, Christopher Peer was first made aware of the possible source of the address listed in the state complaint, as "Westlaw People Finder Historic Tracker Report."


FURTHER DECLARANT SAYETH NOT


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

CHRISTOPHER JAMES PEER


2

9383751.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  06-60146-CIV-TORRES

CHRISTOPHER PEER,

        Plaintiff,

vs.

DANIEL WARFIELD LEWIS,

        Defendant.

_____/

## DECLARATION[1] OF MARIA LORENCES-CRUZ

The Declarant, Maria Lorences-Cruz, and states under oath as follows:

1.      I am the Declarant, Maria Lorences-Cruz.

2.      Before, during and after 2006 the Affiant was employed by Richard L. Rosenbaum or the Law Offices of Richard Rosenbaum or Arnstein & Lehr LLP.

3.      I was employed with the Law Offices of Richard Rosenbaum during January, 2006.

4.      The Law Offices of Richard Rosenbaum entered a Notice of Appearance in the state case on January 31, 2006.

5.      Thereafter, Richard Rosenbaum drafted a FCRA complaint.

---

[1] This Declaration is filed pursuant to Title 28, U.S.C. Section 1746 and satisfies the requirements of a supporting affidavit.

EXHIBIT

7

6.    Drafts of the complaint were sent to Richard L. Rosenbaum's counsel, Stephen Zukoff, Esquire and to a friend of Mr. Zukoff's, appellate expert Arthur Morburger. Both approved the filing of the federal complaint.  See Exhibits "A" and "B".

7.    Richard Rosenbaum and I each reviewed emails from Judith Stern dated 2/2/06 which stated:

```
-----Original Message-----
From: Judy Stern [mailto:jstern@sterncnslt.com]
Sent: Thursday, February 02, 2006 7:46 PM
To: Richard Rosenbaum; Chuck Malkus; a097737c@Allstate.com
Cc: Judith Stern; Marie L. Cruz
Subject: Re: federal lawsuit

Chuck:  Please check this out.  Buddy Nevins personally told me
yesterday that Dan made the statement that a private investigator
got him the credit report, and Buddy couldn't understand what
difference did that make since Dan personally used it -----
Original Message-----
From: Rlrappeal@aol.com
Date: Thu, 2 Feb 2006 19:46:25
To:cmalkus@malkus.com, a097737c@Allstate.com
Cc:jstern@sterncnslt.com, mcruz@rrosenbaumlaw.com
Subject: federal lawsuit


The suit is ready.  Was Chris ever able to ascertain how Lewis
got the credit report ?

I'll shoot you over the latest draft within the hour.  One of my
secretaries is making my most recent changes now.

Richard L. Rosenbaum
350 E. Las Olas Blvd., #1700
Ft. Lauderdale, FL 33301
(954)522-7007
(954)522-7003 (fax)
          RLRappeal@aol.com
```

(A copy is attached hereto as Exhibit "C")

8.    Richard Rosenbaum filed a federal lawsuit on the afternoon of Friday, 2/3/06.

9.    A flurry of activity thereafter occurred on the following week.

10.    Richard Rosenbaum was ill and out of the office on several occasions between January, 2006 and January, 2007.

2

11.   Ultimately, because of health reasons and Christopher Peer's failure to pay for services rendered, Richard Rosenbaum withdrew from representing Christopher Peer.

FURTHER DECLARANT SAYETH NOT

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____
MARIA LORENCES-CRUZ

3

9409219.1

**Cruz, Marie**

| | |
|---|---|
| **From:** | ZukoffLaw@aol.com |
| **Sent:** | Friday, February 03, 2006 10:21 AM |
| **To:** | Marie L. Cruz |
| **Subject:** | Re: PEER: Complaint - Federal Court (FINAL) |

it looks ok to me, but i want to wait till arthur has a llok see. he should be here soon....steve



1/21/2011

**Cruz, Marie**

**From:** ZukoffLaw@aol.com
**Sent:** Friday, February 03, 2006 11:27 AM
**To:** Marie L. Cruz
**Subject:** Re: PEER: Complaint – Federal Court (FINAL)

# AJM approves and likes it!



Subj:       **Re: federal lawsuit**
Date:       2/2/2006 7:49:00 P.M. Eastern Standard Time
From:       jstern@sterncnslt.com
To:         RLRappeal@aol.com, cmalkus@malkus.com, a097737c@Allstate.com
CC:         jstern@sterncnslt.com, mcruz@rrosenbaumlaw.com

Chuck:  Please check this out.  Buddy Nevins personally told me yesterday that Dan made the statement that a
private investigator got him the credit report, and Buddy couldn't understand what difference did that make since
Dan personally used it
-----Original Message-----
From: Rlrappeal@aol.com
Date: Thu, 2 Feb 2006 19:46:25
To:cmalkus@malkus.com, a097737c@Allstate.com
Cc:jstern@sterncnslt.com, mcruz@rrosenbaumlaw.com
Subject: federal lawsuit

The suit is ready.  Was Chris ever able to ascertain how Lewis got the credit report ?

I'll shoot you over the latest draft within the hour.  One of my secretaries is making my most recent changes now.

Richard L. Rosenbaum
350 E. Las Olas Blvd., #1700
Ft. Lauderdale, FL 33301
(954)522-7007
(954)522-7003 (fax)
RLRappeal@aol.com

EXHIBIT